## UNITED STATES

### v.

**Staff Sergeant Edward RIGSBY, Jr., FR 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, United States Air Force.**

#### ACM 22384.

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 June 1978.

Decided 29 Sept. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Robert T. Mounts.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

### DECISION

ORSER, Judge:

Tried by a general court-martial with members, the accused was convicted, consonant with his pleas, of one specification of larceny of checks valued at about $4,346.00 and 27 specifications of forgery, in violation of Articles 121 and 123 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923. The adjudged sentence was a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of $100.00 per month for 18 months, a fine to the United States in the amount of $1,000.00 and reduction to

the grade of airman basic. In accordance with the terms of a pre-trial agreement, the convening authority disapproved the fine and otherwise approved the sentence.

■ For the reasons stated in *United States v. Kirkle*, 50 C.M.R. 552 (A.F.C.M.R. 1975), pet. denied, 50 C.M.R. 904 (A.F.C.M.R.1975), we find no merit in the accused's contention that the forgery specifications were multiplicious for sentencing purposes with the larceny specification. It bears noting that *United States v. Cashwell*, 45 C.M.R. 748 (A.C.M.R.1972), pet. denied, 45 C.M.R. 928 (1972), a case relied on by the accused for his contention of multiplicity, was rejected by a different panel of the Army Court of Military Review in favor of our reasoning in *Kirkle*. *United States v. Hudson*, 2 M.J. 958 (A.C.M.R.1976).

In another assertion of error, appellate defense counsel claim that the review of the staff judge advocate is prejudicially defective because of the reviewer's advice regarding the maximum imposable punishment. We disagree.

During trial the military judge determined that several of the forgery offenses were multiplicious for sentencing purposes and so instructed the court. In his post-trial review to the convening authority, the staff judge advocate made the following comment concerning the judge's determination:

> After appropriate argument for both sides, the military judge *erroneously, but to the benefit of the accused*, ruled that the maximum imposable confinement was 70 years confinement at hard labor with accessory penalties. (Emphasis ours)

Thereafter, the staff judge advocate recommenced that, with the exception of the $1,000.00 fine, the adjudged sentence be approved. As recited above, the convening authority so acted.

In his *Goode*[1] response to the review, the trial defense counsel vigorously challenged, among other things, the emphasized comments of the staff judge advocate. In an addendum to his review, the staff judge advocate correctly refuted a contention by the accused's counsel that the maximum imposable punishment to confinement should have been five rather than seventy years as the military judge instructed the court members. However, he failed to respond to the defense counsel's challenge of his assertion that the military judge erred to the accused's benefit in his determination of the maximum possible confinement at hard labor.[2]

■ Assuming for purposes of this decision that the military judge did, in fact, err in the accused's favor in his instruction to the court concerning the maximum imposable confinement, it was improper for the staff judge advocate to say so in his advice to the convening authority. As the Army Court of Military Review stated in *United States v. Richardson*, 2 M.J. 436 (A.C.M.R. 1975):

> [I]t was incumbent upon . . . [the staff judge advocate] to inform the convening authority of the limitation placed upon his discretion when determining an appropriate sentence by the military judge's ruling that the charges were multiplicious. *United States v. Westcott*, 48 C.M.R. 237 (A.C.M.R.1973); *United States v. Love*, 46 C.M.R. 741 (A.C.M.R.1972), pet. denied, 22 U.S.C.M.A. 618, 46 C.M.R. 1323 (1973). His decision was the law of the case and binding on the convening authority. *United States v. Strand*, 6 U.S.C.M.A. 297, 20 C.M.R. 13, 22 (1955); *United States v. McArdle*, 27 C.M.R. 1006, 1018 (A.F.B.R.1959). (footnote omitted)

Although, for the foregoing reason, the staff judge advocate erred in his advice, we perceive no fair risk of prejudice to the

1. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

2. For the reasons stated in *United States v. Lehman*, 5 M.J. 740 (A.F.C.M.R.1978), we disagree with appellate government counsel's insinuation that the defense counsel's *Goode* comment on the reviewer's error obviated the need for further comment by the staff judge advocate. See also *United States v. Hardesty*, 1 M.J. 780, 782 (A.F.C.M.R.1976), concurring opinion by Senior Judge Early.

substantial rights of the accused. As noted by appellate government counsel, the sentence adjudged was based upon the military judge's determination that many of the forgery offenses were multiplicious; the accused persisted in his plea of guilty upon being advised by the military judge of the maximum imposable period of confinement; notwithstanding the staff judge advocate's erroneous advice, it is extremely unlikely that the convening authority would have reduced the confinement below the eighteen month period adjudged by the court, particularly in light of the fact that for his part of the pre-trial plea bargain the convening authority agreed that he would not approve a sentence to confinement in excess of two years; the sentence was warranted by the number and seriousness of the charges and the record as a whole. *United States v. Russell,* supra, at 438.

We have carefully considered the remaining assertions of error advanced by appellate defense counsel and find them without merit and warranting no discussion. For the reasons stated, the findings of guilty and the sentence, as approved, are

AFFIRMED.

EARLY, Chief Judge, and HERMAN and ARROWOOD, Judges, concur.