**UNITED STATES**

v.

**Sergeant Keith V. REYNAUD, FR 434–04–6563, United States Air Force.**

**ACM 23904.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 Feb. 1983.

Decided 15 Aug. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, and Major Peter Reilly, USAFR.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused was convicted of drunk on duty, larceny, drug abuse and falsely making and uttering prescription forms in violation of Articles 112, 121 and 134, U.C.M.J., 10 U.S.C. §§ 912, 921, 934. Pursuant to a pretrial agreement the approved sentence extends to a bad conduct discharge, confinement at hard labor for 24 months, and reduction to airman basic.

### I

On appeal the accused maintains that the allegation of falsely making and uttering prescription forms (Specification 2 of Charge III) is actually a forgery offense which is preempted by Article 123, Code, 10 U.S.C. § 923, *supra.* He suggests that since Congress has already proscribed his misconduct under another Article, it is improper to charge the offense under Article 134, and therefore, his guilty plea is improvident.

The challenged specification is a violation of Mississippi law which makes it:

[U]nlawful for any person knowingly or intentionally to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge.*

The controlled substance involved here is meperidine hydrochloride (Demerol), and the misconduct alleged became a military offense under Article 134 by virtue of the Assimilative Crimes Act, 18 U.S.C. § 13.

■ We first note when an act of the accused violates more than one punitive Article he may be charged under either, provided proper safeguards are taken. The accused cannot force the government to proceed under the one he considers to be most advantageous to him. *United States v. Lee,* 31 C.M.R. 743 (A.F.B.R.1962); *see Rosenberg v. United States,* 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607 (1953). Further, the specification under attack is sufficiently worded to apprise the accused of what he must defend against, clearly defines the criminality involved, and totally protects

him against a second trial for the same offense. Also, the punishment for either forgery under Article 123 or under the Mississippi Code as assimilated by Article 134 is the same, i.e., five years confinement at hard labor. Therefore, the accused was not in hazard of being punished more severely under one Article than the other.

■ Additionally, we conclude that even assuming, *arguendo,* that Article 123 was the proper provision to proceed under, the accused's guilty plea waived enforcement of the error which was neither jurisdictional nor a deprivation of due process. *See United States v. Griffin,* 1 M.J. 884 (A.F.C.M.R. 1976); *see United States v. Henry,* 50 C.M.R. 685 (A.F.C.M.R.1975): *see United States v. Sloan,* 47 C.M.R. 436 (A.C.M.R. 1973). The accused's guilty plea was properly accepted.

### II

■ Appellate counsel urge that the accused's sentence is inappropriate. They cite his past good military record albeit slightly sullied by an Article 15 for a minor dereliction, and numerous witnesses who referred to the accused's excellent duty performance, eagerness, and high degree of professionalism as the basis for our reassessing the sentence. In their view "individualized consideration" of this accused together with his physiological problem and good character mitigate against a punitive discharge or confinement at hard labor in excess of one year. We disagree and find the approved sentence entirely appropriate. The accused was a medical service specialist who, while working in the Emergency Room, "shorted" patients by giving them less than the prescribed amount of Demerol. That which he withheld he used himself. We consider this a serious transgression by one whose primary duty is to alleviate pain and suffering.

The remaining assigned errors have been examined and are resolved adversely to the accused. *United States v. Rigsby,* 6 M.J. 550 (A.F.C.M.R.1978); *United States v. Kirkle,* 50 C.M.R. 552 (A.F.C.M.R.1975); *United*

* Mississippi Code Annotated (1972) Section 41–29–144.

*States v. Hudson,* 2 M.J. 958 (A.C.M.R. 1976). The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.