UNITED STATES

v.

Senior Airman John W. McKNIGHT,
FR 123–50–1913, United States
Air Force.

ACM S26279.

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Nov. 1983.

Decided 15 June 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel William H. Seckinger, USAFR.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

The accused was found guilty of five specifications of presenting false claims for advance travel payments, in violation of Article 132, U.C.M.J., 10 U.S.C. § 932, and five specifications of larceny of the money paid to the accused by virtue of these false claims, in violation of Article 121, U.C.M.J., 10 U.S.C. § 821. The specifications of the larceny charge correspond with the specifications of the false claim charge in date, amount, and place, but do not indicate how the larcenies were accomplished. Although the military judge found the false claim and larceny specifications multiplicious for purposes of sentencing, the accused now contends that they are also multiplicious for purposes of findings. We disagree.

In the case of *United States v. Baker*, 14 M.J. 361 (C.M.A.1983), the Court of Military Appeals enumerated the instances when conviction of two offenses cannot stand. These are:

(1) Where inconsistent findings of fact are required to establish the commission of the offenses;

(2) Where the pleadings and evidence adduced at trial show that one offense is a lesser included offense of another of which an accused has also been convicted;

(3) Where both offenses are part of a criminal offense intended by the legislature to be indivisible; or

(4) Where both offenses are different aspects of a continuous course of conduct prohibited by the legislature in a single statutory provision.

The Court further explained that one offense may be a lesser-included offense of another, assuming both offenses arise from a single transaction, in two situations:

First, where one offense contains only elements of, but not all the elements of the other offense; second, where one offense contains different elements as a matter of law from the other offense, but these different elements are fairly embraced in the factual allegations of the other offense and established by evidence introduced at trial.

*United States v. Baker*, 14 M.J. at 368.

■ Applying these tests to the instant charges, we find they are not multiplicious for purposes of findings. They do not require inconsistent findings of fact to establish the commission of either offense; they are not prohibited by a single statutory provision, but by separate articles of the U.C.M.J.; they are not parts of an indivisible crime as a matter of law; and one is not a lesser-included offense of the other. The elements of each offense are different as a matter of law and were established by the evidence adduced at trial, thus making the offenses multiplicious for sentence (since they also arose out of the same transaction), but not findings. If the elements of larceny had been included in the factual

allegations of the false claim specification, or vice versa, the offenses would have been multiplicious for both findings and sentence. However, the elements which are different are not fairly embraced in the factual allegations of the second specification. Under these circumstances, they are not multiplicious for findings. *United States v. Holt*, 16 M.J. 393 (C.M.A.1983).

■ It would appear that much of the confusion in the area of findings multiplicity has arisen from the Court of Military Appeals' expanded definition of a lesser-included offense, above. We offer the following guidance in the hope that it will assist personnel in the field who must daily wrestle with this issue. Simply expressed, our understanding is that if all the elements of two offenses are established by the same evidence, the offenses are multiplicious for sentence. If all the elements are also fairly embraced in the factual allegations of one of the specifications, the offenses are also multiplicious for findings. We arrive at this conclusion from our examination of *United States v. Allen*, 16 M.J. 395 (C.M.A.1983); *United States v. Holt, supra; United States v. Doss*, 15 M.J. 409 (C.M.A.1983), and *United States v. Baker, supra*.

■ We conclude that the determination of whether offenses are multiplicious for purposes of findings is important primarily to establish an accurate *record* of the accused's conduct, and not to show how many criminal statutes were violated. If one can determine exactly what the accused did by reading one of two specifications, as in *United States v. Allen, supra*, the other specification is multiplicious for findings. Since multiplicity for sentence has already been taken into consideration, a further determination that the charges are also multiplicious for findings, thus requiring dismissal, officially affects only the court-martial order, i.e., the *record* of the conviction. It is this document only with which decisional authorities should be concerned in making determinations of findings multiplicity.

For the reasons stated above, the approved findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and CANELLOS, Judge, concur.