## UNITED STATES

v.

**First Lieutenant Peter Lee Conner ATKESON, 511–48–4887 FV, United States Air Force.**

**ACM 24565.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 July 1984.

Decided 27 Feb. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

## DECISION

PER CURIAM:

Contrary to his pleas the appellant was convicted of divers possessions of marijuana, divers uses of marijuana, divers uses of crystal methamphetamine, divers uses of cocaine, divers possessions of cocaine, divers possessions of lysergic acid diethylamide (LSD), divers distributions of LSD, and conduct unbecoming an officer by "involv[ing] himself with marijuana, cocaine, crystal methamphetamine and LSD, with, and in the presence of, enlisted members." The court returned a sentence of dismissal, confinement at hard labor for four years and forfeiture of all pay and allowances. The convening authority approved only dismissal, confinement at hard labor for one year and forfeiture of all pay and allowances.

■ We first find the evidence of possession of cocaine to be sufficient to support a finding that the appellant possessed the cocaine he used. We find it insufficient, however, to support a finding, beyond a reasonable doubt, that he possessed any cocaine in excess of that which he used. Under these circumstances the conviction for possession of the amounts used is multiplicious with the conviction for use of cocaine. *United States v. Bullington*, 18 M.J. 164 (C.M.A.1984). The finding of guilty of Specification 4, Charge II, is, therefore, set aside and the specification dismissed.

■ Appellate defense counsel submit, and the government concedes, that the decisions of the United States Court of Military Appeals in *United States v. Rodri-*

*quez,* 18 M.J. 363 (C.M.A.1984), and *United States v. Timberlake,* 18 M.J. 371 (C.M.A. 1984), control and that Charge II and its seven specifications alleging appellant's uses, possessions and distribution of the various drugs are lesser included offenses of the Specification of Charge I alleging conduct unbecoming an officer. We agree.

Each specification of both charges alleges multiple acts or transactions occurring over an identical period of 299 days. The Specification of Charge I, conduct unbecoming an officer, alleges that appellant "involve[d] himself with marijuana, cocaine, crystal methamphetamine, and lysergic acid diethylamide." His specific involvement with each of these drugs during the alleged period was also the subject of the seven specifications of Charge II. We find that the phrase "involve himself with [drugs]" fairly embraced all involvement with drugs including the uses, possessions, and distributions alleged in Charge II. In fact, trial counsel's entire argument regarding Charge I was a single sentence: "As to Charge I, the fact that Charge II and its specifications are established thus establishes Charge I."

Applying *Rodriquez, supra,* and the rule of construction announced in *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), we find that the Specification of Charge I fairly embraces all the elements of the seven specifications of Charge II and is, thus, multiplicious with those specifications for purposes of findings. Because Charge I is broader and also alleges that the offenses were committed in the presence of enlisted members, and in light of the analysis in *Rodriquez, supra,* we find the Specification of Charge I to be the greater offense and the specifications of Charge II to be included in it.

We are concerned, however, that the broad phrase, "involved with," when read in the absence of the more specific words of "use", "possess," and "distribute," will render the record inappropriately vague. *See United States v. McKnight,* 19 M.J.

949 (A.F.C.M.R.1984). Therefore, rather than simply dismissing the specifications of Charge II, we will consolidate them and incorporate them into the Specification of Charge I. That specification is, therefore, amended to read:

> In that First Lieutenant Peter Lee Conner Atkeson, United States Air Force, 6520 Test Group, did, at or near Edwards Air Force Base, California, on divers occasions from on or about 8 March 1982 to on or about 31 December 1982, wrongfully and dishonorably involve himself with illegal drugs with and in the presence of enlisted members of the United States Air Force by wrongfully possessing and using marijuana, using cocaine, using crystal methamphetamine, and possessing and distributing lysergic acid diethylamide.

*See United States v. Huggins,* 17 M.J. 345 (C.M.A.1984) (summary disposition).

 The findings of guilty of Charge II and the seven specifications thereunder are set aside and the Charge and its specifications are dismissed. We have reassessed the sentence and find that the sentence, as approved by the convening authority, is nonetheless appropriate.

We have examined the record of trial, the remaining assignment of error,* and the government's reply thereto and have concluded that the findings, as modified and amended, are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly the findings of guilty, as modified and amended, and the sentence, as reassessed, are

AFFIRMED.

---

* Appellant's Motions for Leave to File Documents are GRANTED.