UNITED STATES

v.

Airman First Class Peter A. NIEDZIEL-SKI, FR 370–86–0235, United States Air Force.

ACM 25759.

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Oct. 1986.

Decided 24 April 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Kathryn I. Taylor.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was found guilty, pursuant to his pleas, of one specification of larceny of checking account funds and one specification of forgery (uttering falsely made checks to the base exchange). Now he asserts that the military judge erred in finding the specifications separate for sentence. We agree.

The charges stem from the appellant's theft of about 28 of his roommate's checks. Over a two month period the appellant made the checks payable to his order, and cashed them at the local base exchange, receiving cash in return. At trial, the proof consisted of the appellant's guilty plea and a stipulation of fact which had two attachments. Attachment 1 purports to support Specification 2 of Charge I (larceny), and Attachment 2 purports to support the Specification of Charge II (forgery). Most of the checks appear on both lists, but some of them appear only on one or the other.

We are unable to discern the logic behind creating the two lists of checks. From the stipulation we find that all of the checks were stolen from the same roommate, they were all made and uttered by the appellant, they all were negotiated at the exchange, and they all were drawn on the same credit union. At trial the slight difference in the content of the lists was used to justify considering the specifications separate. Trial participants must avoid being distracted by trial procedures or expedients when making multiplicity determinations. In reaching our decision, we have looked beyond any perceived difference in the lists, and analyzed the two specifications concerned.

Two fairly recent Air Force cases have dealt with multiplicity of larceny and forgery specifications, and held them to be separate for sentencing. *United States v. Rigsby*, 6 M.J. 550 (A.F.C.M.R. 1978); *United States v. McKnight*, 19 M.J. 949 (A.F. C.M.R. 1984). In both of these cases the larceny concerned was the taking of the checks which were later involved in the forgeries.

The present case is quite different. The appellant was originally charged with the theft of the checks as well as the offenses of which he was convicted. The specification alleging the theft of the checks was dismissed at the convening authority's direction after the military judge accepted the appellant's plea to the other specifications. The remaining theft specification concerns the theft of the "checking account funds" of the account holder—the appellant's roommate. Our task is to determine whether this theft is properly separate for sentencing from the fraudulent uttering of the checks to the exchange. As is usually the case, we can find no actual expression of legislative intent to consider these particular offenses separate for punishment. *United States v. Ridgeway*, 19 M.J. 681 (A.F.C.M.R. 1984).

Rather than address the sentencing multiplicity considerations of specific offenses, Rule for Court-Martial 1003(c)(1)(C) deals with the subject in general terms. The discussion section to that Rule for Court-Martial states:

> Even if each offense requires proof of an element not required to prove the other, they may not be separately punishable if the offenses were committed as the result of a single impulse or intent. For example, if an accused found guilty of larceny ... and of unlawfully opening mail matter ... opened the mail bag for the purpose of stealing money in a letter in the bag, the offenses would not be separately punishable.

The two offenses have widely varied elements of proof which usually indicates separate offenses. Although the offenses have basic differences in their elements, it

is impossible for the theft in this case to have occurred without the forgery. In fact the forgery is the mechanism for the theft. *See United States v. Ward,* 15 M.J. 377 (C.M.A.1983) (summary disposition).

In *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), the Court of Military Appeals analyzed the process of finding offenses multiplicious for sentencing. They deduced two rules:

> First, if the offenses do not arise from the same act or transaction punishment may be imposed for each offense—*see United States v. Ompad,* 15 U.S.C.M.A. 593, 36 C.M.R. 91 (1966); second, if the offenses arise from the same act or transaction, a punishment may not be imposed for each offense if they are not separate offenses—*see Blockburger v. United States,* (284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932))

*Blockburger* seems to indicate that offenses are separate if each one contains an element of proof not required for proof of the other. The Court in *Baker* states two situations where offenses may be considered multiplicious for sentence even though they each contain different elements of proof. The first is where the offenses resulted from a single impulse or intent, and the second is where the offenses violate the same social standards.

Many of the *Baker* principles can be found in the present *Manual* discussion of multiplicity for sentencing:

> No single test or formula has been developed which will resolve the question of multiplicity [for sentencing].
>
> The following tests have been used for determining whether offenses are separate. Offenses are not separate if one is included in the other or unless each required proof of an element not required to prove the other. ...
>
> Even if each offense requires proof of an element not required to prove the other, they may not be separately punishable if the offenses were committed as the result of a single impulse or intent.... Also, if there was a unity of time and the existence of a connected chain of events, the offenses may not be separately punishable, depending on all the circumstances, even if each required proof of a different element.

R.C.M. 1003(c)(1)(C), discussion.

The predictable outcome of the offenses in the present case was rather narrow. Once the uttering offense was complete, the theft offense was going to occur in the normal course of business. That is what the appellant undoubtedly expected, and that is what any observer would expect—if the forgery is undetected, money will flow out of an account and into the control of the forger. Because this is such a predictable consequence of the false uttering of the roommate's checks, we hold that it must be considered to have been part of the same offense for punishment. The two offenses refer to a single impulse or intent, that is to present a check which will result in money being paid from the victim's account. Further, there was also a unity of time and place since both offenses were placed in motion by handing the check to the teller at the base exchange. The military judge was incorrect in finding them separate.

We must now reassess the sentence. The military judge considered the offenses separate and sentenced the appellant to a bad conduct discharge, 22 months confinement, total forfeitures, and reduction to airman basic. The convening authority reduced the confinement to 18 months and approved the sentence still considering the offenses separately punishable. We approve only so much of the sentence as includes a bad conduct discharge, confinement for one year and one day, total forfeitures, and reduction to airman basic. We are convinced the sentence is appropriate in relation to the affirmed findings of guilty and is no greater than that which would have been imposed if the military judge had considered the offenses multiplicious for sentencing. *United States v. Sales,* 22 M.J. 305 (C.M.A.1986). The findings of guilty and the sentence, as modified, are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.