**UNITED STATES**

**v.**

**Sergeant William G. DONEGAN, FR
263–04–1578 UNITED STATES
AIR FORCE.**

**ACM 27057.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 June 1988.

Decided 4 Oct. 1988.

Appellate Counsel for the Appellant: Lieutenant Colonel Richard F. O'Hair.

Appellate Counsel for the United States: Colonel Joe R. Lamport.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

**DECISION**

MURDOCK, Judge:

This case was submitted to us on its merits. However, we find it presents a question of multiplicity for findings which we must address. The appellant was found guilty, pursuant to his pleas, of submitting a false claim for excess overseas housing allowance and larceny of the resulting money. He was sentenced to a bad conduct discharge, confinement for six months, and reduction to airman basic. We now hold that the specification alleging the false claim was multiplicious for findings with the specification alleging larceny.

This area of multiplicity is not without confusion and some apparent conflict. However, we feel confident that when the false claim alleged is the mechanism by which the larceny is committed the specifications will generally be multiplicious for findings. In an analogous case to the present one, the accused was charged with two larcenies and two bad check offenses. The accused wrote bad checks to obtain three airline tickets. The Court of Military Appeals held that where the language of the specifications makes clear that the worthless checks were the false pretense by which the appellant wrongfully obtained airplane tickets the specifications are multiplicious for findings. *United States v. Allen,* 16 M.J. 395 (C.M.A.1983); *accord United States v. Ward,* 15 M.J. 377 (C.M.A. 1983) (summary disposition).

The Court of Military Appeals also held a false claim and larceny of the same amount to be multiplicious for findings in *United States v. Fullwood,* 21 M.J. 167 (C.M.A. 1985) (summary disposition). The Court did not discuss the facts of *Fullwood* at length, but the opinion states that the government had conceded the specifications were multiplicious for findings. The Court has also held that presenting false travel vouchers is multiplicious for findings with the larceny of the requested funds where the language of the specifications establishes that the claims were the false pretense by which the criminal stole the money. *United States v. Smith,* 17 M.J. 320 (C.M.A.1984) (summary disposition); *United States v. Lee,* 17 M.J. 321 (C.M.A.

1984) (summary disposition) (agreeing with the analysis in *Smith*, but holding that specifications in *Lee* were not multiplicious).

The Army Court of Military Review has held that where the factual circumstances surrounding the making of a false claim constitute the basis for both charges, specifications alleging making a false claim and larceny are multiplicious for findings. *United States v. Gans*, 23 M.J. 540 (A.C.M.R.1986).

We discussed the problem in *United States v. McKnight*, 19 M.J. 949 (A.F.C.M.R.1984). *McKnight* involved travel vouchers for advance travel payments and larceny of the claimed funds. We held that, considering the facts of the case, the specifications were not multiplicious. However, we stated that if the elements of larceny had been included in the factual allegations of the false claim specification, or vice versa, the offenses would have been multiplicious for both findings and sentence. 19 M.J. at 950.

In the present case, the specification for submitting a false claim is fairly embraced in the specification alleging larceny. In pertinent part, the false claim specification states:

> for the purpose of obtaining the approval, allowance and payment of a claim against the United States for excess overseas housing allowance in an amount over one hundred dollars ($100.00), did, at Royal Air Force Fairford, Gloucestershire, United Kingdom, on or about 31 January 1986, make and use a certain writing, to wit: DD Form 2367 (Individual Housing Allowance Report), which said writing, as he the said Sergeant William G. Donegan then knew, contained a statement that his rent was two hundred fifty pounds sterling (L250) per month, which statement was false and fraudulent in that his rental payments were only one hundred fifty pounds sterling (L150) per month, and was then known by the said Sergeant William G. Donegan, to be false and fraudulent.

The specification alleging larceny states: did, at Royal Air Force Fairford, Gloucestershire, United Kingdom, from on or about 1 February 1986 to on or about 7 March 1988 steal money of a value in excess of $100.00, the property of the United States Government.

The key language of the false claim specification is that at a certain place and time the accused made and used a false and fraudulent writing to obtain payment of a claim against the United States in an amount over one hundred dollars. That language is fairly embraced in the larceny charge which alleges that beginning at a time similar to that in the false claim specification, the accused stole United States government money in excess of one hundred dollars.

It is clear from the facts of this case that the false claim was the mechanism used by the accused to steal the money alleged. We view the one day variance between the submission of the false claim and the beginning of the larceny charge as insignificant. Although the larceny began with the presentation of the document, and therefore should have had the same inception date as the false claim, we will ignore this attempt to make the specifications appear to be separate. Draftsmen need more than a sharp pencil to create specifications which are separate for findings. *See United States v. Niedzielski*, 24 M.J. 608 (A.F.C.M.R.1987). What is needed is legal separateness, and that is missing in this case.

We will correct this by consolidating the specifications. The Specification of Charge I, and the Specification of Charge II are consolidated by adding after the word "Government" on line four of the Specification of Charge II the words "by making and using a certain writing, to wit: DD Form 2367 (Individual Housing Allowance Report), which said writing, as he the said Sergeant William G. Donegan then knew, contained a statement that his rent was two hundred fifty pounds sterling (L250) per month, which statement was false and fraudulent in that his rental payments were only one hundred fifty pounds sterling (L150) per month, and was then known by the said Sergeant William G. Donegan,

to be false and fraudulent." *See United States v. Groves,* 19 M.J. 804 (A.C.M.R. 1985). *See also United States v. Green,* 21 M.J. 633 (A.C.M.R.1985); *United States v. Autrey,* 20 M.J. 912, 918 (A.C.M.R.1985). The findings of guilty of Charge I and its specification are set aside and dismissed.

 We are convinced the accused suffered no prejudice from this error since the military judge held the specifications to be multiplicious for sentencing. Accordingly, the findings, as modified, and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.