UNITED STATES

v.

**Staff Sergeant James C. COLEY, Jr., FR 551–23–6952, United States Air Force.**

**ACM 27759.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 March 1989.

Decided 13 Oct. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Lynne H. Wetzell.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni; Major Terry M. Petrie; Captain Morris D. Davis and Major Charles E. Ambrose, Jr., USAFR.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION

### LEONARD, Judge:

The appellant was convicted of one specification of larceny, one specification of signing false official documents, and one specification of willfully and unlawfully taking, with intent to conceal, public records. He was sentenced by the military judge to a bad conduct discharge, confinement for six months and reduction to airman basic. The sentence was approved by the convening authority. Appellant asserts that his offenses were multiplicious for findings and for sentencing.

The appellant was working in the Sports and Fitness Center (SFC) at Hahn Air Base, Federal Republic of Germany. As part of his duties, he collected money from customers for locker fees, aerobic classes and other similar activities that charged fees; and wrote receipts for the collected money. One copy of the receipt was given to the customer, one copy was kept with the cashier's report (Air Force Form 1875), and one copy was kept in a notebook at the SFC. At the end of the day, the appellant would prepare the cashier's report adding up the amounts on the receipts and sign the form verifying the amount received.

Appellant's larceny offense involved taking approximately $1,700 from the cashier's box for his own use. When he stole the money, he would falsify the cashier's report for that day to reflect a lower cash receipt than actually received and would sign the false report and submit it with receipts and cash. This activity constituted the false official documents offense. For part of the period of the larceny, he also removed receipts from the SFC files, with a dollar amount equal to the amount taken for a particular day, and put them in his desk or took them home to further conceal his thefts. This activity was the basis for the offense of willfully and unlawfully taking, with intent to conceal, public records.

■ We find appellant's offenses are not multiplicious for findings. The offenses were based upon three separate statutory provisions protecting three different societal standards—protection of property from theft, the need for accuracy and honesty by individuals making official statements, and the integrity and completeness of public records. Articles 121, 107, and 134, UCMJ, 10 U.S.C. §§ 921, 907, 934; MCM, Part IV, Paragraphs 46, 31, and 99 (1984). Further, the offenses all have different elements of proof and none are lesser included offenses of the others. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); R.C.M. 907(b)(3)(B), Discussion.

Although it is clear that appellant was charged with separate offenses, we must still determine whether, under the facts of

his case, appellant's crimes were one transaction consisting of substantially the same misconduct or whether the false official statement and concealing public records offenses were "fairly embraced" in the larceny offense. *United States v. Morris*, 18 M.J. 450 (C.M.A.1984); *United States v. Baker*, 14 M.J. 361 (C.M.A.1983). Appellant's counsel maintains that the false official statements (the cashier's report) and concealing the public records (the receipts) were only the means by which the appellant accomplished the larceny. The cases cited in support of this proposition are all cases involving individuals charged with either bad check offenses and larceny of the amount received for the check or false claims and larceny of the amount received by reason of filing the claim. *United States v. Fullwood*, 21 M.J. 167 (C.M.A. 1985) (summary disposition); *United States v. Allen*, 16 M.J. 395 (C.M.A.1985); *United States v. Donegan*, 27 M.J. 576 (A.F.C.M.R.1988); *United States v. Gans*, 23 M.J. 540 (A.C.M.R.1986).

Appellant's case is factually different from the cited cases. The offenses of false official statements and concealing public records were not required to obtain the money that was the subject of the larceny offense. These offenses were separate attempts to conceal the theft and remove evidence of the theft and not part of one continuous course of conduct or embraced within the larceny. Therefore, they are not multiplicious for findings with each other or the larceny offense. *United States v. Ridgeway*, 19 M.J. 681, (A.F.C.M.R.1984), *petition denied*, 20 M.J. 133 (C.M.A.1985).

 With respect to sentencing multiplicity, we must go a step further than our analysis on findings and determine whether the offenses factually had a like object or were part of a single impulse. *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971); *United States v. Straughan*, 19 M.J. 991 (A.C.M.R.1984). We find that the appellant was motivated by two objects or impulses in committing his offenses. The first was to steal the money or commit the larceny. The second was to conceal the larceny by falsifying the cashier's reports and removing the receipts from the files. Therefore, we find the offenses of false official statements and willfully and unlawfully taking public records, with intent to conceal, multiplicious for sentencing.

 In view of the sentence appellant received, it is unlikely that the military judge's error in finding these offenses not multiplicious had any significant influence upon the sentence he gave the appellant. To preclude any possibility it did, we will reassess the sentence.

The findings are correct in law and fact. Reassessing the sentence, we find appropriate and approve only so much thereof as provides for a bad conduct discharge, confinement for six months, and reduction to airman first class (E–3). Accordingly, the findings and sentence, as modified, are

AFFIRMED.

Senior Judge FORAY and Judge MURDOCK concur.