**UNITED STATES**

v.

**Airman First Class Shantal Y. JONES, FR 449–37–2800, United States Air Force.**

**ACM 28728.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 May 1990.

Decided 16 Nov. 1990.

---

*prior* to trial. In this way, counsel can correct any faults before the accused presents himself to the triers of fact.

Appellate Counsel for the Appellant: Major Ronald G. Morgan and Captain Richard W. Aldrich.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr.; Major Brenda J. Hollis and Captain Morris D. Davis.

Before MURDOCK, KASTL and MILLS, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Airman First Class Jones entered the Base Exchange at Tinker Air Force Base, Oklahoma on 22 January 1990 to return a steam brush. While in the store, she shopped for baby clothes and other things. She also picked up a bedspread, placed it in her basket, and proceeded to the refund counter. While obtaining a refund for the steam brush she had earlier purchased, the appellant also attempted to obtain a refund for the bedspread. Because she lacked a receipt, she was unsuccessful as to the bedspread.

Two days later, the appellant again entered the Exchange. This time, she picked up some after-shave and a compact disc player. Again, she went to the refund counter to seek a refund for items not yet purchased. She was denied a refund for lack of a receipt. At this time, Exchange security personnel took over.

Based on these incidents, the appellant was charged and convicted of wrongful appropriation of the bedspread, after-shave and compact disc player as well as attempted theft of the value of each of these items.

On appeal, Jones argues that wrongful appropriation of the three items and attempted theft were multiplicious for findings. She persists in this assertion despite the fact that there was no objection based on findings multiplicity at trial. We find in her favor.

■ If two offenses are indeed multiplicious for findings, the Court of Military Appeals has "viewed as plain error the failure of the trial or intermediate appellate courts to dismiss the included offenses." *United States v. Holt,* 16 M.J. 393 (C.M.A. 1983). Thus, her failure to complain at trial level will not silence the appellant before us.

■ Turning to the more difficult question of whether the offenses were multiplicious for findings: We have considered the question closely and have found no factual precedents precisely like this case. On balance, we think this similar to situations involving larceny and a false claim—they have been held multiplicious for findings. *See United States v. Donegan,* 27 M.J. 576 (A.F.C.M.R.1988) and *United States v. Gans,* 23 M.J. 540 (A.C.M.R.1986). *See also United States v. Coley,* 29 M.J. 734 (A.F.C.M.R.1989). We are strengthened in our view by the fact that, in *Donegan,* the two matters were held multiplicious for findings even though there was a one day variance between submission of the false claim and the beginning of the larceny. Here, the two events were contemporaneous.

**908**

Both events should be described in consolidated specifications so that the appellant's conduct might properly be reflected. Therefore, Specification 1 of Charge III is consolidated by adding after "1990" the words "wrongfully appropriate property of the Army and Air Force Exchange Service of a value of about $190.00 and then" and in the same specification after the word "currency" add the words "by seeking a refund of that sum for the same item." Likewise, equivalent changes are hereby made to consolidate Charge II (specification 2) into Charge III (specification 2); and Charge II (specification 3) into Charge III (specification 3).

We are convinced that the appellant suffered no prejudice from this error since the military judge held the offenses multiplicious for sentencing. Accordingly, the findings (as modified) and the sentence are

AFFIRMED.

Senior Judge MURDOCK and Judge MILLS concur.