**UNITED STATES**

v.

**Matt IGNATKO, 278 70 6473, Disbursing Clerk Third Class (E–4), U.S. Navy.**

**NMCM 90 2099.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 26 March 1990.

Decided 14 June 1991.

---

Maj R.T. McNeil, USMC, Appellate Defense Counsel.

LT Gregory P. Belanger, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

ORR, Judge:

In accordance with his pleas, the appellant was found guilty of sixteen specifications of larceny, alleging the theft of over $20,000.00 from the U.S. Government over a period of about 11 months; the forgery of four U.S. Government checks, totaling $5,835.00; and three attempt offenses: one attempt to steal $2,905.00 from the U.S. Government and two attempts to forge two U.S. Government checks, one for $1,450.00 and the second for $1,455.00. These offenses, respectively, are violations of Articles 121, 123, and 80 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923, 880. Before members, the appellant was sentenced to confinement for 10 years, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad-conduct discharge. Applying the terms of the appellant's pretrial agreement, the convening authority suspended all confinement in excess of 5 years.

The appellant asserts three errors [1] in the conduct of his trial. To understand our disposition of the first assigned error, a

---

1. I. SPECIFICATIONS 2 AND 4, CHARGE II ARE MULTIPLICIOUS FOR FINDINGS; AND SPECIFICATIONS 1, 2 AND 4, CHARGE IV ARE MULTIPLICIOUS FOR FINDINGS BECAUSE APPELLANT'S ACTIONS COMPLETED A SINGLE IMPULSE TO STEAL A CERTAIN AMOUNT OF MONEY ON A GIVEN DAY. *UNITED STATES V. ALLEN*, 16 M.J. 395 (C.M.A.1983). *UNITED STATES V. BAKER*, 14 M.J. 361 (C.M.A.1983).

II. A SENTENCE WHICH INCLUDES CONFINEMENT FOR FIVE (5) YEARS IS INAPPROPRIATELY SEVERE.
III. TRIAL COUNSEL'S INFLAMMATORY AND IMPROPER ARGUMENT ON SENTENCING SUBSTANTIALLY PREJUDICED APPELLANT.

more complete explanation of the appellant's misconduct is necessary. The appellant was a disbursing clerk assigned to the Navy Finance Center in Cleveland, Ohio. As part of his duties, the appellant had access to a computer through which he could use programs for the production of U.S. Government checks. Beginning in April 1988, the appellant accessed otherwise inactive accounts for the purpose of producing Government checks payable to his wife, either in her married name or in her maiden name. On 19 different days over the course of about a year, the appellant utilized this procedure to produce or attempt to produce 28 checks, totaling $28,-375.03. On 9 of these 19 occasions, the appellant produced or attempted to produce two different checks in an effort to avoid a verification process otherwise required for checks over a certain dollar amount.[2] Once the appellant had entered the data necessary to produce a check, he apparently had no further contact with the check until it was received at his wife's (and his) home address, and some period of time elapsed between his entry of the data, the production of the check, and its automatic mailing to the payee. Consequently, when the appellant's scheme was discovered, the appellant had four checks in his possession (produced on 3 different days) which he had not yet negotiated, and he had entered data into the system on one occasion that would have produced two more checks in the near future.

The Government's theory in the prosecution of the possible offenses encompassed by the appellant's misconduct was to charge every negotiated check (22 in all) as a separate larceny offense, every check the appellant had received but not yet negotiated (4 in all) as a separate forgery offense, and in the one instance where the appellant had entered data to produce two checks but had not received either check as two separate attempts to steal the dollar amount of each check and two corresponding attempted forgeries. The resulting permutations and combinations presented a challenging ground for an application of the law of multiplicity, and appropriate motions were filed concerning multiplicity for both findings and sentence.

The military judge found that the two larceny offenses that resulted from the production of two checks on the same day (because the appellant was trying to avoid the verification process for checks over a certain amount) were multiplicious for findings on the theory they were products of a single intent to steal the total amount of the two checks. Likewise, the military judge found the two attempts to steal the amounts reflected in the two checks [3] that the appellant never received to be multiplicious, and those were combined in a single specification.

In the one instance, however, where the appellant had caused the creation of two checks on the same day and had negotiated one but not the other, the military judge declined to combine the resulting larceny specification for the negotiated amount with the corresponding forgery specification for the uncashed check. Where the appellant had produced two checks on the same day, had received both but not negotiated either check, the military judge declined to combine the two resulting forgery specifications [4] and he found that, unlike the larceny specifications where he found a single intent to steal the combined amount, the appellant had actually intended to produce two forged instruments. As to the attempt specifications, the military judge also declined to combine the one remaining attempt to steal offense and the two at-

---

2. The providence inquiry does not reveal whether the appellant produced both checks from the same inactive account on the same day or from different accounts nor whether any period of time elapsed between the appellant entering the data to create the first check and entering the data for the second check. The record of trial is otherwise silent on these questions.

3. The appellant was not charged with the larceny or attempted larceny of a check or checks made payable in a certain amount but with the larceny of the sum corresponding to the face amount of each check.

4. These are Specifications 2 and 4 of Charge II as referred to in the appellant's first assignment of error. In addition to being different checks, the appellant caused one to be made payable to his wife by her married name and the other to be payable to her in her maiden name.

tempted forgery offenses [5] which were all derived from the appellant entering data to create two checks on the same day, thereby intending to steal the combined amount, but he had not yet received either check. In addition, the military judge found no multiplicity for sentence among the remaining offenses.

■ We note at the outset that the military judge appears to have applied criteria for determining sentence multiplicity when he spoke of the appellant's single intent to steal the combined amount of two checks generated on the same day, *see* Discussion, Rule for Courts–Martial (R.C.M.) 1003(c)(1)(C), Manual for Courts–Martial, United States, 1984, (MCM), and of violations of different social norms in the theft of Government funds and the forging of a Government check, *see United States v. Baker*, 14 M.J. 361, 370 (C.M.A.1983). The appellant, seeking to extend the military judge's application of the single intent rationale on appeal, argues that this same criterion should be used to combine the two forgeries in the first set of offenses and the three remaining attempt offenses in the second set. We disagree. Neither the two forgeries on the same day nor the attempted offenses are multiplicious for findings under the tests applicable to multiplicity for findings questions. *United States v. Holt*, 16 M.J. 393 (C.M.A.1983); *United States v. Doss*, 15 M.J. 409, 413 (C.M.A. 1983); *Baker.*

■ We do find, however, that the two attempted forgeries are multiplicious for sentencing with each other and with the attempted larceny since the two forgeries were products of a single intent to steal a specific sum that day and the same act or series of acts constituted all three attempts, *cf. United States v. Newman*, 25 M.J. 604 (A.C.M.R.1987), *pet. denied*, 27 M.J. 9 (C.M.A.1988) (forgery of check not multiplicious for sentence with larceny of check amount where 3 days separated act of forgery and negotiation of the check), and the two forgeries in Specifications 2 and 4 of Charge II are multiplicious for

sentencing with each other since they were also committed as a result of a single intention on the part of the appellant to steal a certain sum of money from the Government on that day. *See* Discussion, R.C.M. 1003(c)(1)(C); *United States v. Coley*, 29 M.J. 734 (A.F.C.M.R.1989); *United States v. Niedzielski*, 24 M.J. 608 (A.F.C.M.R. 1987). Since the members were misadvised concerning the maximum punishment, we will reassess the sentence to remedy this error. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

■ As to the appellant's second contention that a punishment of 5 years confinement (after considering the convening authority's suspension) is inappropriately severe for his offenses, we disagree; and, as to the appellant's third assignment of error, we find that even if we considered the trial counsel's sentencing argument to be improper, the trial defense counsel effectively waived any error by failing to object. In any event, the trial counsel's argument was essentially pointing out that the authors of the letters of appreciation the appellant had received were unlikely to have been aware of the appellant's misconduct. We do not perceive such an argument to be unfair comment or to have inflamed the passions of the members against the appellant. *See United States v. Waldrup*, 30 M.J. 1126 (N.M.C.M.R. 1989), *pet. denied*, 31 M.J. 383 (C.M.A. 1990).

Accordingly, the findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for 6 years, forfeiture of all pay and allowances, and reduction to pay grade E–1.

Chief Judge WILLEVER and Senior Judge STRICKLAND concur.

---

**5.** These are Specifications 1, 2, and 4 of Charge IV as referred to in the appellant's first assignment of error. As to the two attempted forgery specifications (Specifications 1 and 4), one check was to be payable to his wife by her married name and the second check by her maiden name. These two checks were also made payable in different amounts.