UNITED STATES, Appellee,

v.

Derrick ALLEN, Private, U.S. Army, Appellant.

No. 45,546

CM 442657.

U.S. Court of Military Appeals.

Oct. 24, 1983.

For Appellant: *Colonel William G. Eckhardt, Major Robert C. Rhodes, Captain Warren G. Foote* (on petition).

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Major Michael R. Smythers, Captain Richard J. Fadgen* (on petition).

*Opinion of the Court*

PER CURIAM:

Sitting as a general court-martial, a military judge convicted appellant, contrary to his pleas, of two larcenies and two bad check offenses, in violation of Articles 121 and 123a of the Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923a, respectively; and several other charges. He sentenced appellant to a bad-conduct discharge, confinement for 1 year, and total forfeiture of pay and allowances. The convening authority approved the findings and sentence, and the United States Army Court of Military Review affirmed. We granted review to consider whether the findings of larceny were multiplicious with the findings of making bad checks with intent to defraud. 15 M.J. 449 (1983).

One larceny specification alleges that at Fort Gordon, Georgia, on or about June 29, 1981, appellant stole an Eastern Airlines ticket, of a value of about $138.00; the second larceny specification asserts that at Fort Gordon, on or about January 28, 1982, appellant stole two Eastern Airlines tickets, of a value of about $312.00. One of the bad-check specifications alleges that at Fort Gordon, on or about June 29, 1981, "with intent to defraud and for the procurement of an Eastern Airline ticket," appellant wrongfully made a check for $138.00 to

Eastern Airlines, although he knew that he did not have sufficient funds for payment of the check upon its presentment. The companion specification states that on January 28, 1982, "with intent to defraud and for the procurement of two Eastern Airline tickets," appellant wrongfully made a check for $312.00 to Eastern Airlines, despite his knowledge that he would not have sufficient funds for payment of the check upon presentment.

The findings of guilty here present a problem with which this Court has been concerned for almost three decades. For example, in *United States v. Strand,* 6 U.S. C.M.A. 297, 20 C.M.R. 13 (1955), a law officer was allowed to dismiss certain charges he deemed multiplicious, even though he had delayed his ruling until after the court members returned findings of guilty on all charges and specifications. Recently, in *United States v. Doss,* 15 M.J. 409 (C.M.A. 1983); *United States v. Baker,* 14 M.J. 361 (C.M.A.1983); and *United States v. Holt,* 16 M.J. 393 (C.M.A.1983), we attempted to provide guidelines as to the circumstances under which charges should be viewed as multiplicious for purposes of findings or sentence. Of specific relevance to the case at bar is *United States v. Ward,* 15 M.J. 377 (C.M.A.1983), where we set aside findings of guilty as to 13 specifications alleging utterance of certain checks, in violation of Article 123a, because we concluded "that each utterance was ... the false pretense by which money or property was obtained from the Army and Air Force Exchange Service at Fort Gordon, Georgia, and made the subject of

one of the 13 specifications of larceny ... lodged as a violation of Article 121."

In the case at bar, the language of the specifications makes clear that the making of worthless checks was the false pretense by which appellant wrongfully obtained the airplane tickets. Even though *Ward* involved the utterance, rather than the making, of checks, we believe that the allegations here call for the same results. Findings of guilty should not be allowed to stand with respect to bad-check offenses, where they are alleged as the false pretenses by which property has been stolen. The failure to set aside these findings is plain error for which we will grant relief. *Cf. United States v. Holt; supra.* However, since the military judge treated the various offenses as not separately punishable, Allen suffered no prejudice with respect to the sentence.

Accordingly, the decision of the United States Army Court of Military Review is reversed as to Additional Charge II and its specifications; the findings of guilty thereon are set aside; and Additional Charge II is dismissed. In all other respects, the decision of the Court of Military Review is affirmed.

COOK, Judge (dissenting):

In my opinion, making a check with intent to defraud is an entirely separate offense from a subsequent larceny through the use of the same check. *United States v. Ward,* 15 M.J. 377 (C.M.A.1983) (Cook, J., dissenting); *United States v. Baker,* 14 M.J. 361, 371 (C.M.A.1983) (Cook, J., dissenting). I would affirm the decision of the United States Army Court of Military Review.