OPINION OF THE COURT
WERNER, Judge:
In accordance with his pleas, appellant was convicted of three specifications each of larceny and forgery and one specification of wrongfully using the military identification card of another soldier in violation of Articles 121, 123 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923 and 934 (1982). A military judge sentenced him to a bad-conduct discharge, confinement at hard labor for five months and forfeiture of $397.00 pay per month for five months. The convening authority suspended the confinement that exceeded three months for six months.
Appellant contends that the military judge erred by failing to dismiss the forgery specifications as being multiplicious for findings with the larceny specifications. He cites United States v. Allen, 16 M.J. 395 (C.M.A.1983), in support of his contention that the former are “fairly embraced” within the latter. See United States v. Baker, 14 M.J. 361 (C.M.A.1983). We disagree.
In Allen, the United States Court of Military Appeals held that two specifications alleging the making of worthless checks “with intent to defraud and for the procurement of two Eastern Airline tickets” were multiplicious for findings with two larceny specifications alleging theft of the identical airline tickets because “the language of the specifications makes clear that the making of worthless checks was *397 the false pretense by which appellant wrongfully obtained the airline tickets.” Id. at 396. In so holding, the Court keyed its decision to United States v. Holt, 16 M.J. 393 (C.M.A.1983), decided the same day, in which it opined:
However, we do not believe that, in testing for multipliciousness, we need go beyond the language of the specifications on which the case is tried. In most instances, it would be too speculative an enterprise to seek to determine what allegations would have been contained in a specification if a motion to make it more definite and certain had been made by the defense and granted by the trial judge. Therefore, since it is not apparent from the language of the larceny specifications on which Sergeant Holt was tried that the larceny charges “fairly embraced” the false identification card charges, no relief is required as to the findings under our Baker rationale. (Footnote omitted.)
Id. at 394.
The instant case is factually distinguishable from Allen. The three larceny specifications respectively allege theft of a camera worth about $232.90, United States currency valued at $50.00, and food items worth about $13.67, all property belonging to the Army and Air Force Exchange Service. The three forgery specifications allege that appellant falsely made the signature of a certain individual on certain checks made payable to the Army and Air Force Exchange Service in dollar amounts equal to those alleged in the larceny specifications. Reproduced copies of the checks were incorporated within the specifications presented during arraignment. All offenses were alleged to have occurred on the same date. Notwithstanding the foregoing evidence, we do not find the forgery specifications fairly embraced within the larceny specifications. The mere allegation of falsely making a cheek to a named payee does not necessarily mean that such payee was ultimately victimized by such misconduct or that it resulted in the permanent deprivation of a certain item of property from that payee. There is sufficient uncertainty from a reading of the language of the specifications in this case that appellant’s forgeries were the means by which the larcenies were committed. We are neither required to nor will we engage in a speculative exercise to relieve appellant of his burden of clarifying any ambiguity that exists. If the matter was of sufficient consequence to him, he could have made a motion at trial to make the specifications in issue more definite. See United States v. Holt, supra.
The findings of guilty and the sentence are affirmed.
Judge PAULEY concurs.