UNITED STATES, Appellee,

v.

Robert V. JONES, Mess Management Specialist Third Class, U.S. Navy, Appellant.

No. 53,223.

NMCM 85-0390.

U.S. Court of Military Appeals.

Feb. 17, 1987.

For Appellant: *Lieutenant Donald F. O'Connor*, JAGC, USNR (argued); *Lieutenant Commander Alvin L. McDonald*, JAGC, USN, and *Lieutenant Leonard R. Cleavelin*, JAGC, USNR (on brief).

For Appellee: *Major J. S. Uberman*, USMC (argued); *Captain Carl H. Horst*, JAGC, USN (on brief); *Commander Michael P. Green*, JAGC, USN, and *Lieutenant Michael Mudgett*, JAGC, USNR.

Amicus Curiae: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Gary F. Roberson, Captain Patrick J. Cunningham* (on brief)—for Government Appellate Division, U. S. Army.

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried by a general court-martial composed of a military judge alone on September 11 and 18, 1984. Pursuant to his pleas, he was found guilty of conspiracy to commit larceny, larceny, uttering a false check, and unauthorized absence, in violation of Articles 81, 121, 123, and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 923, and 886, respectively. He was sentenced to a dishonorable discharge, confinement for 2 years, total forfeitures, and reduction to the lowest enlisted pay grade. The convening authority approved the adjudged sentence but suspended confinement in excess of 19 months for a period of 1 year. The Court of Military Review affirmed. 20 M. J. 602 (1985).

■ This Court specified the following issue for review:

CAN THE COURT OF MILITARY RE-VIEW REFUSE TO FOLLOW A PRECEDENT OF THIS COURT?

It can be best understood in light of appellant's original assignment of error in this case. He asked:

WHETHER THE UNITED STATES NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED WHEN IT DETERMINED THAT IT WAS NO LONGER REQUIRED TO FOLLOW *UNITED STATES V. BAKER,* 14 M.J. 361 (C.M.A. 1983).

We hold that a Court of Military Review is not generally free to ignore our precedent. Art. 66(c), UCMJ, 10 U.S.C. § 866(c); *see Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982). We also hold that the rationale articulated by the intermediate court for ignoring *United States v. Baker, supra,* was legally defective. Finally, the drastic action advocated by that court was unnecessary in this case in light of other precedent of this Court. Art. 59(a), UCMJ, 10 U.S.C. § 859 (a).

The charges and specifications said to be multiplicious for findings are as follows:

Charge II: Violation of the Uniform Code of Military Justice, Article 121

Specification: In that Mess Management Specialist Third Class Robert Vincent JONES, USN, on active duty, Naval Air Station, Point Mugu, California, did, at Oxnard, California, on or about 17 October 1983 steal $15,199.15, United States currency, the property of the United States government.

Charge III: Violation of the Uniform Code of Military Justice, Article 123

Specification: In that Mess Management Specialist Third Class Robert Vincent JONES, USN, on active duty, Naval Air Station, Point Mugu, California, did at the Bank of A. Levy, Pleasant Valley Branch, Oxnard, California, on or about 17 October 1983, with intent to defraud, utter a certain check in the following words and figures, to wit: [a photo copy of check appears at this point], a writing

which would, if genuine, apparently operate to the legal prejudice of another, which said check was, as he, the said Mess Management Specialist Robert Vincent JONES, USN, then well knew, falsely made.

No motion to dismiss one of these specifications on the basis of *United States v. Baker, supra,* was made at the trial level. Moreover, there was no motion to make the above larceny specification more definite and certain. *United States v. Holt,* 16 M.J. 393, 394 (C.M.A. 1983).

■ The per curiam opinion below was issued on March 27, 1985. It states in full:

We have examined the record of trial, the assignment of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Rules for Court-Martial 307(c)(4), 907(b)(3)(B) and 1003(c)(1)(C) when read together clearly adopt the multiplicity doctrine of the federal courts as set forth in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), notwithstanding the existence of a different doctrine in the American Law Institute Model Penal Code § 1.07 and its progeny, *United States v. Baker,* 14 M.J. 361 (C.M.A. 1983). We see no logical reason which compels the armed forces to follow a rule significantly different than the civilian federal courts. We find that the offenses of larceny and forgery are separate for findings purposes. *Blockburger v. United States, supra.* Accordingly, the findings and sentence as approved on review below are affirmed.

20 M.J. 602.

The apparent thrust of the Court of Military Review's opinion is that the President in promulgating the Manual for Courts-Martial, United States, 1984, overruled *United States v. Baker, supra,* or eliminated the legal basis for that decision.[1] In its

---

1. As noted by appellate government counsel, almost 2 months earlier, the Department of De-

place, the court below opined that the President has adopted the so-called "Blockburger" test as the sole means for determining when a finding of guilty must be dismissed as multiplicious. The initial assertion of the court below is based on a profound misunderstanding of the legal basis of this Court's decision in *United States v. Baker, supra. See Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). Its unsoundness is further exacerbated by an unsupportable reading of the cited rules in the new Manual for Courts-Martial.[2] Finally, the intermediate court's simplistic embrace of the *"Blockburger"* rule ignores significant problems concerning its propriety as the sole test for determining double-jeopardy claims, particularly in the context of a jurisdiction's law defining a lesser-included offense. *See Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 2416–17, 85 L.Ed.2d 764 (1985); *United States v. Woodward,* 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985). *See also United States v. Erwin,* 793 F.2d 656, 669 (5th Cir. 1986); *cf. United States v. Kimberlin,* 781 F.2d. 1247, 1256–57 (7th Cir. 1985). *See generally* Thomas, *The Prohibition of Successive Prosecutions for the Same Offense: In Search of a Definition,* 71 Iowa L. Rev. 323, 340–42 (1986); Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine,* 21 Am. Crim. L. Rev. 445, 457–62 (Spring 1984).

■ Although the intermediate court's rationale for affirmance in this case was erroneous, we agree with its result. The Government in its brief before the Court of Military Review and before this Court has argued that these findings of guilty can be affirmed on the basis of the decision of this Court in *United States v. Holt, supra* at 394. There, this Court said, "Therefore, since it is not apparent from the language of the larceny specifications on which Sergeant Holt was tried that the larceny charges 'fairly embraced' the false identification card charges, no relief is required as to findings under our *Baker* rationale." (Footnote omitted.) *Cf. United States v. Allen,* 16 M.J. 395 (C.M.A. 1983). Although reference to the conspiracy findings in the instant case indicates such a relationship did exist between the larceny and bad-check offenses, such an examination exceeds that required by *United States v. Holt, supra.* Accordingly, *Holt* dictates that the failure of defense counsel to move that the larceny charge be made more specific is fatal to his belated appellate claim for relief.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed as to result only.

Chief Judge EVERETT concurs.

---

fense considered proposed changes to these same rules to accomplish what the lower court said was already done. 51 Fed. Reg. 4530 (February 5, 1986). These proposed amendments were subsequently withdrawn after public comment was received on them. 51 Fed. Reg. 31164 (September 2, 1986). We seriously doubt that the lower court's interpretation of the existing rules can be sustained in this light.

**2.** *R.C.M. 307(c)(4). Multiple offenses.* Charges and specifications alleging all known offenses by an accused may be preferred at the same time. Each specification shall state only one offense.

*R.C.M. 907(b)(3)(B). (3) Permissible grounds.* A specification may be dismissed upon timely motion by the accused if:

\* \* \* \* \* \*

(B) The specification is multiplicious with another specification, is unnecessary to enable the prosecution to meet the exigencies of proof through trial, review, and appellate action, and should be dismissed in the interest of justice.

*R.C.M. 1003(c)(1)(C).* (C) *Multiplicity.* When the accused is found guilty of two or more offenses, the maximum authorized punishment may be imposed for each separate offense. Except as provided in paragraph 5 of Part IV, offenses are not separate if each does not require proof of an element not required to prove the other. If the offenses are not separate, the maximum punishment for those offenses shall be the maximum authorized punishment for the offense carrying the greatest maximum punishment.

The discussion and analysis of these provisions in the Manual for Courts-Martial, United States, 1984, also make clear that no exclusive test for determining the separateness of offenses is established by any of these rules. R.C.M. 1003(c)(1)(C), Discussion; Drafters' Analysis, Appendix 21, R.C.M. 907(b)(3), and 1003(c)(1)(C).

COX, Judge (concurring in the result):

I agree with the majority opinion as it pertains to the granted issue. I concur in the result simply because I do not believe it necessary to rely on *United States v. Baker*, 14 M.J. 361 (C.M.A. 1983), or *United States v. Holt*, 16 M.J. 393 (C.M.A. 1983), to resolve the multiplicity issue. This case is easily resolved under R.C.M. 907(b)(3), Manual for Courts-Martial, United States, 1984. Larceny is neither the same offense as uttering a forged instrument nor an offense necessarily included in the other.