**UNITED STATES, Appellee,**

v.

**Specialist Four Ronald L. NEWMAN, 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, United States Army, Appellant.**

**ACMR 8701192.**

U.S. Army Court of Military Review.

30 Oct. 1987.

For Appellant: Major Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Lorraine Lee, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Richard D. Rubino, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

The appellant was convicted, pursuant to his pleas, of two specifications of larceny (Specifications 2 and 3 of Charge I) and one of forgery (Charge II), in violation of Articles 121 and 123, respectively, of the Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 921 and 923 (1982), respectively. On appeal before this court he alleges for the first time, and the government concedes, that the forgery charge is multiplicious for findings with the larceny alleged in Specification 3 of Charge I. We disagree.

The providence inquiry and the stipulation of fact reveal that, on 11 November 1986, appellant stole a blank check (Specification 2 of Charge I) from his roommate's unsecure locker. He then went to the Fort Hood National Bank where he made the blank check payable to his order in the amount of $500.00 and then forged his roommate's signature (Charge II). He "went up" to present the check at that time but "decided not to do it." Three days later on 14 November 1986, appellant returned to the bank and gave the check to

the cashier, who advised him that it could not be cashed but would have to be deposited to his account and held for ten working days. On 28 November 1986, appellant called the bank and confirmed that the money was available to his account on that date. He then cashed a check, thereby withdrawing the $500.00 from his account (Specification 3 of Charge I).

The United States Court of Military Appeals in *United States v. Baker*, 14 M.J. 361 (C.M.A.1983) announced general standards to be applied in determining whether offenses were multiplicious for findings or sentence. These principles were applied to larceny and worthless or fake instrument offenses in *United States v. Holt*, 16 M.J. 393 (C.M.A.1983). In *Holt*, the accused used a false military identification card to cash bogus checks at military exchanges. She was convicted of wrongful use of a false identification card and larceny by check. Applying the *Baker* principles, the Court found that one charge did not necessarily contain only elements of the other offense and that the elements of the larceny charge were not "fairly embraced" in the factual allegations of the false identification card offense, citing *Baker*, 14 M.J. at 368. At trial, Holt had not challenged the failure of the larceny specifications to state how the thefts were accomplished. Even though the response to a motion for a bill of particulars might have demonstrated that the factual allegations of the larceny offenses embraced the identification card offenses, the Court declined to "go beyond the language of the specification on which the case is tried." *Holt*, 16 M.J. at 394.

The *Holt* decision was followed on the same day by *United States v. Allen*, 16 M.J. 395 (C.M.A.1983). In *Allen*, the accused was convicted of larceny of airline tickets and of bad check offenses, in violation of Articles 121 and 123a, UCMJ, 10 U.S.C. § 923a, respectively. The Court had no difficulty in finding that the worthless check offenses, alleging that the checks were made for the procurement of the airline tickets, were the false pretense by which the accused wrongfully obtained the property. The failure in the courts below to set aside the multiplicious bad check findings was plain error requiring relief. Most recently, in *United States v. Jones*, 23 M.J. 301 (C.M.A.1987), the United States Court of Military Appeals considered whether a finding of larceny of U.S. currency was multiplicious with uttering a forged check in the same amount at the same time and place, in violation of Articles 121 and 123, UCMJ, respectively. Quoting *Holt*, the Court held that the larceny offense did not "fairly embrace" the worthless check offense under the *Baker* rationale even though a companion conspiracy charge made it clear that such a relationship did exist.[1] The failure of the defense counsel to request appropriate relief at the trial level was fatal to the belated appellate claim.

In this case, as in *Jones*, the specifications allege no direct relationship between the larceny and the forgery, i.e. there is no indication that the forgery was the means by which the larceny was committed. Further, the forgery was alleged to have been committed on 11 November 1986, while the larceny was alleged to have been committed on 28 November 1986.[2] Thus, from the face of the specifications, we conclude that the larceny specification

1. The conspiracy to commit larceny specification, in violation of Article 81, UCMJ, 10 U.S.C. § 881, alleged that in order to effect the larceny, the appellant negotiated the U.S. Treasury check that was the false instrument in the forgery charge.

2. The Uniform Commercial Code provides that an item is finally paid when the bank has taken one of the following steps: paid the item in cash, settled for the item without having a right to revoke the settlement, completed posting the item to the charged account, or made a provisional settlement according to its terms. *See* R. Anderson, Anderson on the Uniform Commercial Code §§ 4–213.1–213.11 (3d ed. 1985). Exercising our fact-finding power, based on the record, we find that the deposit made by the accused on the 14th of November was credited to his account immediately and that the funds, drawn on an out-of-state institution, became available for withdrawal after a hold period of 10 business days. We need not decide here whether the larceny was consummated when the appellant's account was credited with the money, when the ten-day hold placed by the bank expired without notice of dishonor, or when the appellant actually withdrew the funds on 28 November. The providence inquiry es-

does not fairly embrace an allegation that the means by which the larceny was committed was a forged instrument and that the offenses are not multiplicious for findings. To the extent that other decisions of this court and of the other service Courts of Military Review may have applied a summary *per se* multiplicity rule for pleading and punishment purposes whenever a worthless instrument was used to obtain currency or an other item of value, we decline to follow them. Rather, we adopt the standard applied in *Baker, Allen, Holt,* and *Jones.* Our analysis of those holdings leads us to conclude that where, as here, the specifications are not lesser included within one another, the allegations do not make it apparent that the specifications fairly embrace each other, and trial defense counsel does not raise the issue of multiplicity or move for appropriate relief by way of making the specifications more definite and certain,[3] we will not search the record for evidence or review the providence inquiry for the purpose of determining multiplicity for findings. The burden of raising and establishing this multiplicity rests squarely with defense counsel at trial.

 We further conclude that the appellant is not entitled to sentence relief under the facts of record.[4] The forgery offense was committed on 11 November 1986 when, at the bank, the appellant falsely made the stolen check. He then moved to cash the check but did not.[5] It was not until three days later that he returned to the scene of his earlier crime, negotiated the check, and committed the larceny offense. The offenses were separate steps in separate transactions. The allegations and the facts show the forgery and the larceny offenses in this case to be separately punishable and we so hold.

We have considered the matter personally asserted by appellant and find it to be without merit.

Accordingly, the findings and the sentence are affirmed.

Judges LYMBURNER and SMITH concur.

---

tablished sufficient facts to support appellant's guilty plea under any of these theories.

3. A motion for a bill of particulars may be used for this purpose. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 906(b) [hereinafter M.C.M., 1984 and R.C.M., respectively]. Under military law, the service-member accused is entitled to be informed of the essential facts constituting the offense charged against him as soon as practicable. Article 30(b), UCMJ, 10 U.S.C. § 830; R.C.M. 307(c)(3). Because the military uses a short form of pleading and a recitation of the manner and the means of committing the crime is not ordinarily contained in the specification, securing "such specificity of detail falls rather within the scope of a Bill of Particulars." *Glasser v. United States,* 315 U.S. 60, 66, 62 S.Ct. 457, 463, 86 L.Ed. 680 (1942). The bill of particulars is not being used to conduct discovery or to provide details of the government's evidence, but to obtain sufficient information of the accused's own conduct as it relates to the elements of the offenses so that the accused may prepare his defense. The purpose is not to find out what the government knows, but what the government claims. Its use in cases such as this permits the defense to raise a challenge to the multiplicious nature of the offenses, whether by way of dismissal, R.C.M. 907(b)(3), or for sen-

tencing purposes, R.C.M. 906(b)(12). *Cf. United States v. Alef,* 3 M.J. 414, 419 n. 18 (C.M.A.1977) (defense counsel may use a Bill of Particulars to challenge an uncertain or vague specification); *United States v. Williams,* 31 C.M.R. 269, 271 (C.M.A.1962) (a general averment of criminal conduct "is always subject to a motion for further particularization").

4. Long-settled rules of military law and the M.C.M. authorize examination of the allegations and the proof thereof to determine separateness of specifications for punishment purposes. *Compare, e.g., United States v. McVey,* 15 C.M.R. 167, 173 (C.M.A.1954) *with United States v. Baker, supra; compare* Manual for Courts–Martial, United States, 1951, para. 76a (8) *with* M.C.M. 1984, R.C.M. 1003(c)(1).

5. Arguably appellant at that point had gone beyond mere preparation and could have been charged with attempted larceny. *See generally United States v. Presto,* 24 M.J. 350 (C.M.A. 1987); *United States v. Byrd,* 24 M.J. 286 (C.M.A. 1987). If that were the case, there would be a viable argument for, at a minimum, multiplicity for sentencing. Further, whether his withdrawal at this point raised the affirmative defense of voluntary abandonment under *Byrd* need also not be decided.