UNITED STATES, Appellee,

v.

Private First Class Alan J. BUCKNELL, 540–06–6032, United States Army, Appellant.

ACMR 8702097.

U.S. Army Court of Military Review.

31 March 1988.

For appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. Vanderboom, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, First Lieutenant Jonathan F. Potter, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of attempted distribution of hashish, violation of a lawful general regulation by possessing drug paraphernalia, distribution of marijuana, two specifications of use of marijuana, possession of hashish, absence without authority (AWOL), possession of lysergic acid diethylamide and breaking restriction. He was sentenced to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E-1. The convening authority approved the sentence.

■ Appellant alleges that his plea of guilty to attempted distribution of hashish is improvident because the record fails to establish more than mere preparation to effect the distribution. Appellant further alleges that the AWOL and breach of restriction are multiplicious for findings because they both occurred at the same time. We agree with only the allegation concerning the improvident plea.

Appellant met with undercover agents in a bar. Although they did not speak directly on the subject, appellant concluded the undercover agents wanted to purchase hashish. Fearing that their conversation would be overheard, appellant took the others to his automobile. During the providence inquiry, appellant stated,

[M]y plans were to drive somewhere and just park up in the woods and talk and

find out what he wanted,—how much, how much money he had he wanted to spend on it, and negotiate a deal; and then I was going to drive. I knew a couple of places I could pretty much for sure get him some hashish,—if that was for sure and I was not mistaken that he wanted some;—and, that I would then go and get it for him.

Before they were able to leave appellant's car to accomplish the distribution, however, they were apprehended.

In *United States v. Byrd*, 24 M.J. 286 (C.M.A.1987), the United States Court of Military Appeals adopted a standard that, in order to be guilty of an attempt, an accused must be engaged in conduct which constitutes a substantial step towards commission of the crimes and that a substantial step must be conduct strongly corroborative of the firmness of the accused's criminal intent. In declaring the plea improvident in *Byrd*, the court stated, "[E]ven though appellant had received $10.00 from the undercover agent and had left Fort Gordon in a taxicab enroute to a liquor store where marihuana could be purchased, his conduct to that point had not gone beyond preparation." *Byrd*, 24 M.J. at 290. In *United States v. Presto*, 24 M.J. 350, 352 n. 4 (C.M.A.1987) a plea of guilty to attempted distribution of drugs was held improvident where it was not established that the accused had placed an order with his supplier, there was no indication that the supplier would deliver the drugs and the accused expected to have to go to the supplier and obtain delivery of the drugs.

The facts in the case *sub judice* fall far short of those in *Byrd* and *Presto*. Here, the record fails to establish that an agreement was concluded. As in *Presto*, it is clear that appellant would have to go to his source and pick up the drugs. As in *Byrd*, "[t]he act is simply too ambiguous; and too many other steps remained before the distribution could be consummated." *Byrd*, 24 M.J. at 290. Appellant's conduct in meeting to negotiate a transaction with the undercover agents had not gone beyond mere preparation. Consequently, the prov-

idence inquiry and the stipulation were inconsistent with the plea of guilty.

 As relates to the remaining allegation of error, appellant was restricted to the military installation. He departed that installation without authority and was returned to his unit the same day. These facts were the basis for the offenses of breach of restriction and AWOL. Although appellant's motion to consider these offenses multiplicious for sentencing purposes was granted by the military judge, no motion was made to dismiss the specifications as multiplicious for findings purposes nor to make the AWOL specification more definite and certain. Failure of defense counsel to move that the AWOL charge be made more specific is fatal to his belated claim for appellate relief. *See United States v. Jones,* 23 M.J. 301 (C.M.A. 1987); *United States v. Holt,* 16 M.J. 393, 394 (C.M.A.1983).

The findings of guilty of Charge I and its Specification are set aside. Charge I and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to Private E–1.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.