**UNITED STATES, Appellee,**

v.

**Specialist Four Barbara J. Massey ROSS, 245–23–9530, United States Army, Appellant.**

**ACMR 8702690.**

U.S. Army Court of Military Review.

11 Aug. 1988.

**934**

For appellant: Captain Alfred H. Novotne, JAGC (argued); Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC (on brief).

For appellee: Captain Marcus A. Brinks, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Margaret A. Schuyler, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

On 10 and 30 November 1987, appellant was tried by a military judge sitting as a general court-martial, and, contrary to her pleas, convicted of absence without leave and forgery, in violation of Articles 86 and 123, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886 and 923 (1982), respectively. The convening authority approved the sentence to a bad-conduct discharge, confinement for three months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. Appellant alleges that the forgery charge and its specification must be dismissed because the false document had no legal efficacy, was known to the appellant to have no legal efficacy, and therefore could not be the subject of a forgery.*

On 22 April 1987, five days after appellant went absent without leave, during an inventory of her property (a box of papers that had been left in another soldier's van), appellant's commander found a completed prescription form bearing the false signature of an Army doctor. The writing was dated seven months prior to its discovery. The prescription was written for a German diet pill called X–112 that was not available in U.S. government pharmacies. The prescription form, a Department of Defense Form 1289(AE), had printed on its face in English, German, French, and Spanish the phrase "VOID EXCEPT IN U.S. GOVERNMENT PHARMACY." It was established at trial that appellant, who was a pharmacy technician, would have known that X–112 was not available in U.S. pharmacies.

■ Drug prescriptions are instruments which are properly the subject of the offense of forgery. *United States v. Turiano*, 13 C.M.R. 753 (A.F.B.R.1953); *United States v. Benjamin*, 45 C.M.R. 799 (N.C.M.R.1972).

■ Manual for Courts–Martial, United States, 1984, Part IV, paragraph 48(c)(4), in its discussion of Article 123, UCMJ, states in part that the offense of forgery requires a document to

appear either on its face or from extrinsic facts to impose a legal liability on another, or to change a legal right or liability to the prejudice of another. If under all the circumstances the instrument has neither real nor apparent legal efficacy, there is no forgery. Thus, the false making with intent to defraud of an instrument affirmatively invalid on its face is not forgery nor is the false making or altering, with intent to defraud, of a writing which could not impose a legal liability....

The issue in this case is whether the prescription in question has legal efficacy. The government (at trial) concedes that the prescription form, even if genuine, would not impose any legal liability because government pharmacies did not stock X–112 and the prescription form was invalid in any non-government pharmacy. The government's position is that the form has "apparent legal efficacy." We find that it did not.

In *Benjamin*, 45 C.M.R. at 801, the court found that a prescription lacked legal effi-

---

* Appellant also alleges that the evidence is insufficient to sustain a conviction for forgery. Because of our disposition of the case, we do not address that issue.

cacy when it failed to indicate the number of capsules to be dispensed. The court held that the instrument was incompetent on its face, was incapable of being filled, and therefore had "no efficacy as an order for dispensing of drugs." *Id. See also United States v. Thomas*, 25 M.J. 396 (C.M.A.1988) (a false credit reference form was not subject to forgery as it did not impose a legal liability on another); *United States v. Farley*, 29 C.M.R. 546 (C.M.A. 1960) (a false insurance application lacked legal efficacy where it was not shown how it could be or was used to prejudice the legal rights of another).

In this case, the prescription was void in all but U.S. government pharmacies and was incapable of being filled at a U.S. government pharmacy. In other words, the form as completed was useless "as an order for dispensing drugs" and, in the opinion of the court, lacked "real legal efficacy" within the meaning of Article 123, UCMJ. We also hold that "apparent legal efficacy" exists only when the document in question appears on its face, from the point of view of those to whom it is intended to be presented (in this case pharmacists), to impose a legal liability. Here pharmacists would recognize no legal obligation. Thus, the document also lacks apparent legal efficacy. *See United States v. Phillips*, 34 C.M.R. 400 (C.M.A.1964) (falsely made copy of allotment authorization was not a forgery where it was in the wrong form to be honored by finance).

The findings of guilty of Charge V and its Specification (forgery of a prescription) are set aside and Charge V and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record and the error noted, the court affirms only so much of the sentence as provides for confinement for three months and reduction to the grade of Private E–1.

Senior Judge ADAMKEWICZ and Judge LYMBURNER concur.