UNITED STATES, Appellee,

v.

Staff Sergeant Gregory F. VOGAN, 512–68–6761, United States Army, Appellant.

ACMR 8702885.

U.S. Army Court of Military Review.

26 Jan. 1989.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before HOLDAWAY, THORNOCK and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

The appellant, pursuant to his negotiated pleas, was convicted, *inter alia,* of three specifications of forgery in violation of Article 123, Uniform Code of Military Justice, 10 U.S.C. § 923 (1982) [hereinafter UCMJ]. Among his other crimes were burglary, housebreaking, making a false official

statement, multiple larcenies, and multiple violations of a general regulation. The military judge sitting as a general court-martial sentenced the appellant to a dishonorable discharge, seven years confinement, total forfeitures, and reduction to Private E–1. Consistent with the terms of the pretrial agreement, the convening authority approved the sentence but suspended for one year that confinement in excess of four years.

### I.  Legal Efficacy of Documents

The appellant alleges and the government concedes that the ration control anvil cards, which were the subjects of the three specifications of forgery under Charge V, lack legal efficacy. If the appellant is correct either as a matter of law or fact, these cards cannot be the subject of a forgery. Under the facts of this case, we agree that the forgery convictions cannot be sustained. *See United States v. Hart,* ACMR 8800211 (A.C.M.R. 9 Sep. 1988) (unpub.).[1]

In recent months, this court has on several occasions considered whether various types of documents were properly the subject of forgery charges. *See United States v. Ross,* 26 M.J. 933 (A.C.M.R.1988) (based on facts in the case, prescription for controlled substance lacked legal efficacy); *Hart, supra* page 2 n. 1 (based on state of trial record, government concession that ration control anvil cards lacked legal efficacy accepted); *United States v. Grayson,* ACMR 8702884 (A.C.M.R. 27 July 1988) (unpub.) (honorable discharge certificate, certificate of achievement, and certificate reflecting participation in tank gunnery competition between North Atlantic Treat Organization (NATO) countries did not, on their face, impose legal liability on another); and *United States v. Smith,* ACMR 8702513 (A.C.M.R. 29 June 1988) (unpub.) (application forms for Armed Forces Identification Cards do not impose legal liability on another). The Court of Military Appeals has also written on this subject in *United States v. Thomas,* 25 M.J. 396 (C.M.A.1988) (false credit reference form,

---

1. Although this court concluded in *Hart* that ration control anvil cards lacked the requisite "officiality" to qualify as official statements within the purview of Article 107, UCMJ, it did so based on the facts before it, not as a matter of law.

known as "Commanding Officer's Letter," to be used in obtaining loan could not, as a matter of law, be subject of forgery).

■ Although conceding that the anvil cards cannot be the subject of forgery as a matter of law, the government cites *United States v. Epps,* 25 M.J. 319 (C.M.A.1987), among other United States Court of Military Appeals' decisions, as precedent for affirming the appellant's conviction of the "closely-related" offense of making a false official statement in violation of Article 107, UCMJ, 10 U.S.C. § 907. Admittedly, this is an engaging argument. However, neither the appellant's testimony during the providence inquiry nor the stipulation of fact are detailed enough to establish that making a false official statement is closely related to the forgery specifications.[2] Thus, we hold that the appellant's pleas of guilty to the forgery specifications are improvident.

## II. Multiplicity for Sentencing

■ The appellant further alleges that, Charge VIII and its specification (wrongful possession and use of false identification cards) are multiplicious for sentencing purposes with Charge II and its specifications (violations of general regulations). We disagree.

When the military judge initiated an inquiry about multiplicity for sentencing, trial defense counsel responded that the only such multiplicity involved the first three specifications of Charge II. The military judge then specifically inquired about the possible multiplicity for sentencing of Specification 4 of Charge II (use of ration control plates in violation of a general regulation), and the specification of Charge VIII (possession and use of false military identification cards). The defense counsel's response indicated his belief that these latter two offenses were separate for sentencing purposes. Having thus explored multiplicity with the defense counsel, the military judge ruled that the first three specifica-

tions of Charge II were multiplicious for sentencing.

Based on these facts, we hold that the defense counsel affirmatively waived the foregoing issue of multiplicity for sentencing. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 905(e); *United States v. Jones,* 23 M.J. 301, 303 (C.M.A.1987) (failure to move that charge be made more specific is fatal to appellate claim of multiplicity).

## III. Conclusion

We have considered the appellant's personal request that the portion of his sentence consisting of total forfeitures not be affirmed as a matter of clemency. However, in our view, clemency is not warranted under the circumstances of this case.

■ With regard to the defective forgery specifications, the findings of guilty of Charge V and its specifications are set aside and the charge and specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, to include the terms of the appellant's pretrial agreement, we are satisfied that the appellant suffered no prejudice. *See United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986) (appellate court may reassess sentence if it can reliably determine what sentence would have been imposed, absent trial errors); *United States v. Hendon,* 6 M.J. 171, 175 (C.M.A. 1979) ("Absent evidence to the contrary, accused's own sentence proposal is a reasonable indication of its probable fairness to him."). The sentence is graduated and proportioned to the crimes for which the appellant stands convicted, and, accordingly, is affirmed.

Chief Judge HOLDAWAY and Senior Judge THORNOCK concur.

2. We enjoin jurisdictions faced with prosecuting alleged ration control violations similar to those charged as forgeries in the instant case, to either develop facts on the record that will substanti- ate a false official statement offense, or to structure command regulations to provide for criminality for the improper use of ration control documents.