**UNITED STATES, Appellee,**

v.

**Specialist Ricky L. THOMPSON,
523–80–6264, United States
Army, Appellant.**

**ACMR 8802643.**

U.S. Army Court of Military Review.

21 April 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Wayne D. Lambert, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before DeFORD, KENNETT and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

KENNETT, Judge:

Tried by a military judge sitting alone as a special court-martial, appellant was convicted, pursuant to mixed pleas, of larceny of $2604.00 United States currency, property of the United States Army, and making a false and fraudulent claim in the amount of $2604.00 for settlement of permanent change of station (PCS) travel vouchers,[1] in violation of Articles 121 and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 921 & 932 (1982), respectively. He was sentenced to a bad-conduct discharge [hereinafter BCD], confinement for four months, forfeiture of $447.00 pay per month for four months, and reduction to E1, which sentence was approved by the convening authority.

Appellant alleges the military judge erred by failing to find the two charges multiplicious for findings[2] and sentence. We agree. We will consolidate the charges and specifications and reassess the sentence.

Following arraignment, the defense counsel, when called upon to make motions prior to entry of appellant's pleas, stated: "Sir [addressing the military judge], it's not really a motion, but in the nature of the Bill of Particulars. We request that the government explain its theory of larceny in this case." The trial counsel responded with information reflecting that appellant, prior to departure from his previous duty station in Germany, had drawn two advance travel allowances totaling $2904.00, and upon arrival at his new duty station (Fort Riley, Kansas) had submitted a claim for settlement of travel expenses showing receipt of only $300.00 in advance travel payments. After trial counsel's response, the defense counsel made no motions or further "requests", and entered appellant's pleas. At no time during the trial did the defense counsel make any explicit multiplicity motions, and the military judge did not, *sua sponte*, find the charges multiplicious for findings or sentence.

█ Citing *United States v. Fullwood*, 21 M.J. 167 (C.M.A.1985) (summary disposition), *United States v. Smith*, 17 M.J. 320 (C.M.A.1984) (summary disposition), and *United States v. Gans*, 23 M.J. 540 (A.C.M. R.1986), appellant argues that both the United States Court of Military Appeals and this court have held a fraudulent claim and larceny of the same amount to be multiplicious for findings. The government responds that the defense counsel's failure to make a "multiplicity for findings" motion waives that issue on appeal, citing *United States v. Jones*, 23 M.J. 301, 303 (C.M.A.1987). We find that the defense "request" for a bill of particulars, requiring the government to explain its theory of larceny, preserved the multiplicity issue for appeal.

█ In *United States v. Newman*, 25 M.J. 604 (A.C.M.R.1987), *petition denied*, 27 M.J. 9 (C.M.A.1988), Senior Judge Adamkewicz analyzed the issue of findings multiplicity in cases involving larceny and some type of fake or worthless document offense, *e.g.*, forgery, false military identi-

---

1. Appellant entered a plea of guilty to making the fraudulent claim. With respect to the larceny, appellant entered a plea of guilty to the lesser included offense of wrongful appropriation, but was found guilty as charged.

2. The larceny specification alleged that appellant "did, at or near Heidelberg, Federal Republic of Germany and Fort Riley, Kansas, between on or about 23 March 1988 and on or about 4 May 1988, steal United States Currency, of a value of about $2604.00, the property of the United States Army." The fraudulent claim specification alleged that appellant:

did, at or near Heidelberg, Federal Republic of Germany, and Fort Riley, Kansas, between on or about 23 March 1988 and on or about May 1988 [sic], by requesting and receiving two travel advances in the amounts of $1450.00 and $1454.00, and by having prepared two vouchers for presentment for approval of payment on or about 21 April 1988 and on or about 4 May 1988, make a claim against the United States in the amount of $1450.00, $1454.00, $151.24, [and] $1251.18, totaling $4306.42, for settlement of permanent change of station travel settlements, which claim was false and fraudulent in the amount of $2604.00 in that [appellant], except for $300.00, wrongfully failed to mention his two prior travel advances of $1450.00 and $1454.00 in his Travel and Dependent Travel Vouchers, and was then known by the said [appellant] to be false and fraudulent.

fication card, worthless check, in the context of the analysis utilized in four decisions from the United States Court of Military Appeals.[3] He concluded, in a case involving charges of larceny and forgery, that, where:

> the specifications are not lesser included within one another, the allegations do not make it apparent that the specifications fairly embrace each other, and trial defense counsel does not raise the issue of multiplicity *or move for appropriate relief by way of making the specifications more definite and certain,* we will not search the record for evidence or review the providence inquiry for the purpose of determining multiplicity for findings. The burden of raising and establishing this multiplicity rests squarely with defense counsel at trial.

*United States v. Newman,* 25 M.J. at 606 (emphasis added) (footnote omitted). In a footnote, he stated that a "motion for a bill of particulars" may be used for the purpose of making the specifications more definite and certain. *United States v. Newman,* 25 M.J. at 606 n. 3 (*citing* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 906(b)[6] ). Here, the specifications of larceny and making a false and fraudulent claim are not lesser-included within one another, and the allegations do not make it apparent that the specifications fairly embrace each other as the larceny specification does not assert that the making of a false and fraudulent claim was the means by which the larceny was accomplished. *Compare United States v. Jones,* 23 M.J. at 303, and *United States v. Holt,* 16 M.J. at 394, *with United States v. Allen,* 16 M.J. at 396. The government's response to

the defense counsel's request for a bill of particulars, however, established that, while the language of the allegations did not make it apparent that the specifications fairly embraced each other, the evidence to be relied upon by the government would establish that the larceny was accomplished by means of the fraudulent claim. Thus, the military judge, prior to or after presentation of evidence on the merits, should have required the government to elect between the two charges and then consolidated the specifications under the elected charge to make clear the full extent of appellant's misconduct.[4]

■ Our reliance upon the request for a bill of particulars to preserve the multiplicity issue does not constitute "search[ing] the record for evidence," *United States v. Newman,* 25 M.J. at 606, or, in the language of *United States v. Holt,* 16 M.J. at 394, "go[ing] beyond the language of the specifications." Here, as suggested by *Holt,* 16 M.J. at 394,[5] and refined by *Newman,* 25 M.J. at 606 n. 3, the government's response to the request for a bill of particulars supplemented the larceny specification with language embracing the factual allegations of the fraudulent claim offense. Therefore, a finding of multiplicity between these specifications is clear on the "face" of the specifications without speculation. *United States v. Holt,* 16 M.J. at 394.

■ Charge I and its specification (larceny) and Charge II and its specification (false and fraudulent claim) are consolidated as the Charge and its specification by adding the following words at the end of the specification of Charge I:

> by requesting and receiving two travel advances in the amounts of $1450.00 and $1454.00, and, by having prepared two

---

3. The four decisions are *United States v. Jones,* 23 M.J. 301 (C.M.A.1987), *United States v. Allen,* 16 M.J. 395 (C.M.A.1983), *United States v. Holt,* 16 M.J. 393 (C.M.A.1983), and *United States v. Baker,* 14 M.J. 361 (C.M.A.1983).

4. Although consolidation would result in a duplicious specification, *see* R.C.M. 307(c)(4) ("Each specification shall state only one offense") and R.C.M. 906(b)(5) (motion to sever a duplicious specification into two or more specifications), we see no reason why, in the interest of judicial economy, a military trial judge

should not be given the same power enjoyed by this court to cure a multiplicity for findings issue by consolidating specifications.

5. "While the larceny specifications as drafted do not include language which indicates how the thefts were accomplished, a defense motion to make these specifications more definite and certain might have resulted in the addition of language embracing all elements of the false identification card offenses."

vouchers for presentment for approval of payment on or about 21 April 1988 and on or about 4 May 1988, make a claim against the United States in the amounts of $1450.00, $1454.00, $151.24, and $1251.18, totaling $4306.42, for settlement of permanent change of station travel settlements, which claim was false and fraudulent in the amount of $2604.00 in that Specialist Ricky L. Thompson, except for $300.00, wrongfully failed to mention his two prior travel advances of $1450.00 and $1454.00 in his Travel and Dependent Travel Vouchers, and was then known by the said Specialist Ricky L. Thompson to be false and fraudulent.

The findings of guilty of the Charge and its specification, as consolidated, are affirmed. Based upon the seriousness of the offense,[6] the entire record, and the limited sentencing authority of the special court-martial (BCD) which tried appellant, and applying the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the sentence is affirmed.

Senior Judge DeFORD and Judge WERNER concur.

---

**6.** The evidence established that appellant utilized the knowledge gained in his position as a *finance clerk* to accomplish the larceny.