**UNITED STATES**

**v.**

**Larry L. JOHNSON, 306 78 6405, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 90 0920.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 8 Aug. 1990.

Decided 9 Aug. 1990.

Maj. G.S. Warner, USMC, Appellate Defense Counsel.

LCDR David T. Patterson, JAGC, USNR–R, Appellate Defense Counsel.

LCDR Frank A. Kreidler, JAGC, USNR–R, Appellate Defense Counsel.

LT Rosalyn D. Calbert, JAGC, USNR, Appellate Government Counsel.

Before McLERAN, Senior Judge, and WILLEVER and FREYER, JJ.

PER CURIAM:

The appellant argues, and we agree, that the number of false pretenses used in making and/or uttering a check with intent to defraud cannot justify a separate charge for each false pretense so

used; consequently, the argument goes, where, in addition to the false pretense that the check would be paid in full on presentment, an utterer whose check-cashing privileges have been revoked also misrepresents, through the use of a false Social Security Number or otherwise, that he is an authorized patron of the check-cashing facility, he may not properly be charged with the offense of wrongfully obtaining check-cashing services under Article 134, 10 U.S.C. § 934 in addition to the worthless check offense under Article 123a, 10 U.S.C. § 923a.

The Government apparently does not dispute the appellant's basic premise but seeks to avoid dismissal of the Article 134 charge and its twenty-one specifications in this case by arguing that the Article 134 specifications are not fairly included in the Article 123a specifications, with the result that, where the defense at trial fails to move for dismissal or for a bill of particulars, both sets of findings may stand. *See United States v. Holt*, 16 M.J. 393 (C.M.A. 1983); *United States v. Allen*, 16 M.J. 395 (C.M.A.1983); *United States v. Jones*, 23 M.J. 301 (C.M.A.1987).

We, of course, accept the principle of these cases cited by the Government, but we also think that obtaining check-cashing services is fairly included in the allegation of uttering a check for the procurement of lawful currency or other article or thing of value. We, therefore, set aside the findings of guilty of, and dismiss, Charge II and its twenty-one specifications. Reassessment of the sentence, which we deem appropriate notwithstanding the appellant's claim that it is inappropriately severe, is not necessary, as the military judge ruled each of the dismissed specifications multiplicious with its corresponding Article 123a specification.

The findings of guilty, as thus modified, and the sentence, as approved on review below, are affirmed.