**UNITED STATES**

v.

**Fredrick J. McCONNELL, 304 96 1536, Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 91 2643.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 24 June 1991.

Decided 17 July 1992.

Capt Dwight H. Sullivan, USMC, Appellate Defense Counsel.

Lt K.S. Anderson, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, Appellate Military Judges.

STRICKLAND, Senior Judge:

Appellant jumped from his ship into the water as the ship was departing the Naval Station at Roosevelt Roads, Puerto Rico. The ship attempted to maneuver in order to pick up the appellant but was unable to do so because of the limited room in the channel. Nine minutes after jumping, the appellant was picked up by a tugboat. As a result of this incident, the appellant was charged with desertion, missing movement by design, hazarding a vessel, and jumping from a vessel into the water in violation of Articles 85, 87, 110, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 885, 887, 910, and 934, respectively. Appellant pleaded guilty to the lesser included offense of unauthorized absence, to missing movement by de-

sign, and to jumping from his ship.[1] The military judge found the appellant guilty in accordance with his pleas.[2] Immediately after announcing the findings, however, the judge dismissed Charge I (unauthorized absence) on the basis that it was multiplicious for sentencing with Charge II (missing movement).[3] The staff judge advocate's recommendation to the convening authority incorrectly stated that the appellant had been found guilty of the unauthorized absence offense. The court-martial order repeats this same error. The appellant initially argued that we should find this to be plain error. Subsequently, he cited supplemental authority, *United States v. Depew*, 35 M.J. 235 (C.M.A.1992) (order), for the proposition that this Court could only act on "properly approved findings" and, as a result, any action by us, other than setting aside the convening authority's action, would be a nullity. Appellant further asserts that *Depew* effectively overrules our decision in *United States v. Ruiz*, 30 M.J. 867 (N.M.C.M.R.1990).[4] The Government urges us to decide this case utilizing our analysis in *Ruiz* and argues that *Depew* has no precedential value since it is a summary disposition.

First, we wish to make clear our belief that any decision by our superior Court is precedential and binding on us. *See United States v. Jones*, 23 M.J. 301 (C.M.A. 1987). We are bound to follow that precedent as to any cases directly on point. The only distinction between a summary disposition and a full opinion is the brevity of the former, both as to facts and reasoning. This brevity sometimes leads to difficulty in determining which cases before us are both factually and legally analogous to the cases resolved by summary disposition. We have experienced this difficulty with *Depew*. Although *Depew* is a case which

was initially affirmed by this Court, the record was returned to the convening authority when our decision was set aside by the Court of Military Appeals, and the record is not yet back before us. As a result, we are unable to discern what action was taken by the convening authority with respect to findings nor do we have knowledge of any other particulars of that case. The summary disposition does not set forth any of these specifics. Thus, we are unable to place in the proper context the Court of Military Appeals' statement in *Depew* that, "[b]ecause a Court of Military Review may act only with regard to properly approved findings, the action of the court below as to that specification is a nullity." Our inability to learn the details and reasoning of *Depew* causes us to independently analyze the case now before us.

We begin our analysis with the convening authority's action. The action states, in pertinent part:

In the case of Seaman Apprentice Frederick [sic] J. McConnell, U.S. Navy, the sentence is approved, and except for that part of the sentence extending to a bad conduct discharge, will be executed, but the execution of that part of the sentence adjudging any confinement in excess of 90 days is suspended for six months from the date of trial, at which time, unless the suspension is sooner vacated, the suspended part of the sentence will be remitted without further action.

The action makes no reference to the findings. This is because "[a]ction on the findings of a court-martial by the convening authority or other person acting on the sentence is not required." Article 60(c)(3), UCMJ, 10 U.S.C. § 860(c)(3). Action on findings is merely discretionary and allows the convening authority to dismiss or set

---

1. Appellant pleaded and was found not guilty of hazarding a vessel.

2. The appellant was sentenced to a bad-conduct discharge, confinement for 100 days, forfeiture of $250.00 pay per month for 3 months, and reduction to pay grade E–1.

3. This action by the military judge was unnecessary, *see United States v. Dandaneau*, 5 U.S.C.M.A. 462, 18 C.M.R. 86 (1955), and should

only have been done if the charges were multiplicious for findings.

4. In this case we were faced with a similar error where the staff judge advocate's recommendation did not accurately reflect the findings after the military judge dismissed some of the specifications. This case was resolved by testing the error for prejudice.

aside guilty findings or to change a guilty finding to a finding of guilty to a lesser included offense. *See* Article 60(c)(3)(A)–(B), UCMJ, 10 U.S.C. § 860(c)(3)(A)–(B). Omission of the requirement for the convening authority to act on the findings came about as a result of the Military Justice Act of 1983, Pub.L. No. 98–209, § 5, 97 Stat. 1393 (1983), when Congress eliminated the cumbersome legal review which preceded the convening authority's action, and where Congress recognized that the convening authority's primary post-trial role is a determination of whether the sentence should be reduced. *See generally* S.Rep. No. 98–53, 98th Cong., 1st Sess. 17–21 (1983); H.Rep. No. 98–549, 98th Cong., 1st Sess., 14–15 (1983) U.S.Code Cong. & Admin.News 1983, pp. 2177, 2179, 2180.

 The question, then, is whether the findings entered by the fact finder are affected by the convening authority's failure to exercise any discretionary action as to these findings. In other words, if, as in this case, the convening authority simply approves the sentence, what is the status of the findings entered by the military judge or by the members? We hold that approval of the sentence by the convening authority implicitly adopts and approves the findings of the military judge or members where the action makes no explicit reference to the findings. Thus, in the instant case, the approved findings are those entered by the military judge, including the dismissal of Charge I.

■ There was an error in the recitation of the findings in the staff judge advocate's review and in the promulgating order. We consider this error to be administrative in nature, however, and not one which affects the approved findings. The question which we must answer is whether this error materially prejudiced the substantial rights of the appellant. We reject any argument that this error is *per se* plain error. *See Ruiz* at 869. The test is whether "we can conclude with the requisite degree of certainty that, absent the errors, the convening authority's action would have been no different." *Id.* at 869.

All of the charges referred to trial arose from the single act of the appellant jumping from his ship as it was proceeding out to sea. Thus, the convening authority could not have been misled as to the nature of the appellant's conduct despite the multiplicity of two of the charges and the error in recording the findings. The convening authority entered into a pretrial agreement based on this conduct, as well as the appellant's prior disciplinary record, and the maximum punishment agreed upon was at least some indication of what the convening authority deemed to be an appropriate sentence. In fact, a portion of the adjudged confinement was suspended in accordance with the terms of this pretrial agreement. Under these facts, we are convinced that the convening authority's action would have been no different had the staff judge advocate properly advised him of the findings as to Charge I. Consequently, the error is harmless.

The findings and sentence, as approved on review below, are affirmed. A new court-martial order shall be issued which properly reflects the pleas and findings in this case.

Chief Judge WILLEVER and Senior Judge ORR concur.