STATE OF NORTH CAROLINA v. SONNY PARKER

No. 8627SC101

(Filed 17 June 1986)

1. Searches and Seizures § 40— items voluntarily given to officers—no fruits of illegal search

   In a prosecution of defendant for robbery and kidnapping, there was no merit to defendant's contention that a bracelet and diamond ring should have been suppressed as fruits of an illegal search, since the bracelet and ring were voluntarily turned over to the detective serving a search warrant by the woman residing at the apartment, identified as defendant's wife, before any search had been undertaken.

2. Criminal Law § 73.2— stolen items—detective's testimony—evidence not excludable as hearsay

   There was no merit to defendant's contention that a detective should not have been permitted to testify to the actions of defendant's wife in turning over a ring and bracelet because those actions constituted nonverbal statements, excludable as hearsay, since the detective's testimony was offered to show only that he obtained the jewelry from defendant's wife at his apartment, thus linking the stolen items to defendant, and it was not offered to prove the matter asserted by the wife's nonverbal conduct, i.e., that the items in her possession were the ones identified in the warrant as stolen from the victim.

3. Kidnapping § 1.2— confinement, restraint or removal—sufficiency of evidence

   There was no merit to defendant's contention that there was insufficient evidence of the essential element of confinement, restraint or removal to support a conviction for kidnapping, since the evidence showed that defendant forced his victim to drive down a highway, turn into a motel parking lot and drive around to the back of the motel, a darker and much more deserted area,

and this conduct was more than a mere technical asportation, was not necessary to the accomplishment of the robbery, and did in fact expose the victim to danger greater than that inherent in the robbery itself.

**4. Kidnapping § 1— armed robbery as underlying felony—conviction for common law robbery—conviction for kidnapping proper**

There was no merit to defendant's contention that he could be convicted of kidnapping only if he was first convicted of armed robbery, as the indictment for kidnapping specified armed robbery as the underlying felony, since the indictment would support a conviction for the lesser-included offense of common law robbery which would in turn support a conviction of kidnapping.

APPEAL by defendant from *Lewis (Robert D.), Judge.* Judgment entered 26 August 1985 in Superior Court, GASTON County. Heard in the Court of Appeals 14 May 1986.

On 15 May 1985, Wendy Kay Branch went to a grocery store near her home in Gastonia at about 10 p.m. to buy some diapers for her baby. When she returned to her car and began to drive out of the parking lot, a black man emerged from the back seat. He held what Ms. Branch thought was a knife to her throat and ordered her to "just drive." He directed her to pull into the parking lot of Honey's Motel and to drive the car all the way around to the back of the motel.

After ordering her to stop the car, the man demanded money. Ms. Branch had only eighty cents with her, but also taken was her bracelet and a small diamond ring. The man demanded that she kiss him, but she refused and he left. Ms. Branch then drove straight home and called the police to report the incident.

A few days later, on 18 May, Ms. Branch saw the man who had robbed her, at the same shopping center where he had gotten in her car. She went home, told her father about seeing the robber, and he called the police. Later that afternoon, a detective called and asked Ms. Branch to meet him. When she arrived, the detective told her that a suspect had been arrested at that shopping center. He showed her a group of eight photographs and asked her if a photo of the man who had robbed her was among them. She picked out the photo of the defendant.

The detective then obtained a search warrant for defendant's apartment. When he arrived to serve the warrant, a woman answered the door. The detective read her the warrant and described to her what he was looking for. Without further

prompting, the woman removed a bracelet from her wrist and got a diamond ring from her jewelry box. Both items matched the description of the items stolen from Ms. Branch. The detective then searched the apartment for the clothes described by Ms. Branch as those worn by the robber. No clothes matching the description were found.

The defendant was charged in indictments, proper in form, with armed robbery and second-degree kidnapping. After a trial by jury, he was found guilty of the kidnapping charge and of common law robbery. Judge Lewis sentenced defendant to prison terms of nine years for kidnapping and ten years for robbery, to be served consecutively. Defendant appeals.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Henry T. Rosser for the State.*

*Public Defender Rowell C. Cloninger, Jr. for defendant-appellant.*

PARKER, Judge.

[1] Appellant first assigns as error the denial of his motion to suppress the bracelet and diamond ring as fruits of an illegal search. He contends that the search warrant was invalid as the affidavit of the requesting officer did not state sufficient facts to justify a conclusion that there was probable cause to search defendant's apartment. This argument ignores the fact that the bracelet and the ring were voluntarily turned over to the detective serving the warrant by the woman residing at the apartment, identified as Phyllis Parker, defendant's wife, before any search had been undertaken. "[W]hen evidence is delivered to a police officer upon request and without compulsion or coercion, there is no search within the constitutional prohibition against unreasonable searches and seizures." *State v. Reams*, 277 N.C. 391, 396, 178 S.E. 2d 65, 68 (1970), *cert. denied*, 404 U.S. 840, 92 S.Ct. 133, 30 L.Ed. 2d 74 (1971). There was no evidence that Mrs. Parker was in any way coerced into turning over the bracelet and ring to the police. The fact that the officer had a search warrant does not, standing alone, constitute sufficient compulsion to make Mrs. Parker's actions involuntary. *Id.* This assignment of error is overruled.

[2]  Defendant contends, by his next assignment of error, that the detective should not have been permitted to testify to Mrs. Parker's actions in turning over the ring and bracelet because those actions constituted nonverbal statements, excludable as hearsay. Defendant made a motion *in limine* at trial seeking to prevent the prosecutor from eliciting the testimony. After conducting a *voir dire* of the detective, the trial judge denied the motion.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." G.S. 8C-1, Rule 801(c). Nonverbal conduct can be a "statement" within the meaning of the rule when the conduct is "intended by [the declarant] as an assertion." *Id.*, Rule 801(a). After the detective had described the bracelet he was seeking, Mrs. Parker removed a bracelet from her wrist, handed it to the detective and said, "Like this?" The detective took the bracelet, then described the diamond ring. Mrs. Parker said, "Just a minute," and went into a bedroom returning with a jewelry box. She opened the box and handed the detective a diamond ring matching the description. These actions were obviously intended as an assertion that "yes, here are the items you just described." *See McCormick on Evidence*, § 250 (3rd ed. 1984). *See also State v. Suits*, 296 N.C. 553, 251 S.E. 2d 607 (1979).

In order for the statements to be excluded as hearsay, they must be offered for the truth of the matter asserted by the statements. G.S. 8C-1, Rule 801(c). The State contends that the statements were offered only to show how and when the police recovered the jewelry, whereas the truth of the matter asserted would be that those items were, in fact, the items stolen. We agree. The victim of the robbery had already identified, during her testimony, the ring and the bracelet as the items stolen from her. All that was required of the detective's testimony was to link the recovery of those items to defendant. Thus, his testimony was only offered to show that he obtained the jewelry from defendant's wife at his apartment. It was not offered to prove the matter asserted by the wife's nonverbal conduct; *i.e.*, that the items in her possession were the ones identified in the warrant as stolen from the victim. The assignment of error is overruled.

[3]  By his next assignment of error, defendant argues that the trial court erred in denying his motion to dismiss the charge of second-degree kidnapping. He contends that there was insufficient evidence of the essential element of confinement, restraint or removal to support a conviction for kidnapping. We disagree.

When the charge of kidnapping is based on the allegation that the confinement, restraint or removal of the victim was for the purpose of facilitating the commission of a felony, the defendant is normally also charged with the underlying felony. This procedure can sometimes conflict with the constitutional prohibition on double jeopardy. *See State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978). In order to avoid violating a defendant's constitutional guarantee against being subjected to multiple punishments for the same offense, our Supreme Court has held that where the removal of the victim was "an inherent and integral part of [the underlying felony]," it would be "insufficient to support conviction for a separate kidnapping offense." *State v. Irwin*, 304 N.C. 93, 103, 282 S.E. 2d 439, 446 (1981). In *Irwin*, the victim of an attemped armed robbery was forced to move from the front of his store to the back. The Supreme Court set aside the kidnapping conviction, holding that there had been a "mere technical asportation," which was insufficient to support a separate kidnapping offense. *Id.*

In this case, the evidence showed defendant forced his victim to drive down a highway, turn into a motel parking lot and drive around to the back of the motel, a darker and much more deserted area. This conduct was more than a "mere technical asportation," was not necessary to the accomplishment of the robbery and did, in fact, expose the victim to danger greater than that inherent in the robbery itself. *See id.* The assignment of error is overruled.

[4]  Defendant's final assignment of error is that the trial judge erred in his instructions to the jury concerning the kidnapping charge. Defendant had been indicted for kidnapping his victim "for the purpose of facilitating the commission of a felony, to wit, armed robbery." The jury was allowed to consider the lesser-included offense of common law robbery in deliberating its verdict on the armed robbery charge. The trial judge then instructed the jurors that if they convicted defendant of robbery, then they could consider the kidnapping charge.

Defendant contends that he could be convicted of kidnapping only if he was first convicted of armed robbery, as the indictment for kidnapping specified armed robbery as the underlying felony. However, under our law related to indictments, an indictment for armed robbery is sufficient to support a conviction for the lesser-included offense of common law robbery. *State v. Owens*, 73 N.C. App. 631, 327 S.E. 2d 42 (1985). There is no reason to impose a stricter requirement on the State where the indictment for kidnapping specifically names armed robbery as the underlying felony. The indictment was sufficient to inform defendant of the charge against him, enable him to prepare a defense, protect him from double jeopardy, and enable the court to proceed to judgment. *See State v. Hunter*, 299 N.C. 29, 261 S.E. 2d 189 (1980).

Defendant relies on *State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984). In that case, the indictment charged defendant with kidnapping "for the purpose of facilitating the commission of a felony: to wit, attempted rape. The said [victim] was not released by the defendant in a safe place." *Id.* at 247, 321 S.E. 2d at 862. The trial judge instructed the jury that it could convict defendant of kidnapping if they found that the kidnapping was "for the purpose of terrorizing" the victim. *Id.* The Supreme Court held this instruction to be plain error as it enabled the jury to convict based on some abstract theory not supported by the indictment.

Here, however, defendant was convicted of kidnapping based on the same theory as alleged in the indictment; that is, that the kidnapping was committed for the purpose of facilitating the commission of a felony. The specific underlying felony differed, but only so much as one was a lesser-included offense of the other. This conformed to the rule that a jury can convict defendant if at all, only of the offense laid in the indictment. *See Hunter, supra.* The final assignment of error is overruled.

Having carefully reviewed the record and briefs, we conclude defendant received a fair trial, in which there was

No error.

Judges PHILLIPS and MARTIN concur.