UNITED STATES, Appellee,

v.

Specialist Carl A. JEFFRESS, 143–64–4426, United States Army, Appellant.

ACMR 8800290.

U.S. Army Court of Military Review.

31 Aug. 1988.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Richard D. Rubino, JAGC (on brief).

Before DeFORD, KANE, and WERNER Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

The appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, the appellant was convicted of forcible sodomy, kidnapping and false swearing in violation of Articles 125 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982). He was sentenced to a dishonorable discharge, eight years confinement, forfeiture of all pay and allowances and reduction to Private E-1. Pursuant to a pretrial agreement, the convening authority approved the sentence as adjudged but suspended the confinement in excess of four years for a period of one year with provision for automatic remission.

The appellant contends that his plea of guilty to kidnapping is improvident. During the providence inquiry, the appellant testified, "I seized [the victim], Your Honor, and drug [sic] her about fifteen feet and she fell to the ground [where appellant sodomized her]." A stipulation of fact and the appellant's confession which were admitted into evidence during the providence inquiry further established that the appellant seized the victim as she was leaving a night club in Tongduchon, Republic of Korea, and dragged her approximately fifteen feet behind a tent set up in a field adjacent to the club where he forcibly sodomized the victim.

Relying on paragraph 92c(2) of the Manual for Courts–Martial, United States, 1984 [hereinafter MCM], the appellant asserts that the offense of kidnapping requires proof of transportation for a substantial distance or detention for a substantial period of time. The government responds that "it is the fact, not the distance, of the forcible removal of the victim that constitutes kidnapping." To hold appellant's plea provident, this court must also determine whether the facts of this case sustain a finding of guilty of the separate offense of kidnapping under military law. *Cf. United States v. Chambers*, 12 M.J. 443 (C.M.A.1982).

The common law crime of kidnapping has been modified in the Federal law by statute to encompass a broad range of conduct by which a victim might be transported and held against his or her will. *See generally Chatwin v. United States*, 326 U.S. 455, 463, 66 S.Ct. 233, 237, 90 L.Ed. 198 (1946) ("Comprehensive language was used to cover every possible variety of kidnaping [sic]."). *See, e.g.*, 18 U.S.C. § 1201(a) (the so-called Lindbergh Act). Consequently, a literal interpretation of the kidnapping statute could sustain convictions for kidnapping where the detention and/or movement was only incidental to some other crime. *See generally Government of Virgin Islands v. Berry*, 604 F.2d 221, 226 (3rd Cir.1979).

The Federal law exemplifies the so-called traditional view which adheres to a literal interpretation of the statute with the result that any seizing and carrying away of the victim is sufficient to sustain a conviction for kidnapping without regard to duration, distance, or circumstance. Military law in the past has followed Federal precedent. *See, e.g., United States v. Charlton*, 39 C.M.R. 141, 144 (C.M.A.1969).[1] However,

---

1. *Charlton* was based upon an interpretation of the then existing District of Columbia statute on

kidnapping which paralleled 18 U.S.C. § 1201. The court in *Charlton* applied the kidnapping

in *Charlton*, the court noted an emerging minority view that "brief detentions or short movements 'which are incidents to other crimes and have long been treated as integral parts of other crimes' do not constitute kidnapping 'even though kidnapping might sometimes be spelled out literally from the statutory words.'" *United States v. Charlton*, 39 C.M.R. at 143 (citing *People v. Levy*, 15 N.Y.2d 159, 256 N.Y.S. 2d 793, 204 N.E.2d 842 (1965)). This view, commonly described as the modern view, has been embraced in many state jurisdictions. *See, e.g., State v. Frederico*, 103 N.J. 169, 510 A.2d 1147 (1986) (kidnapping may not be established by mere proof that victim was moved incidental to an underlying offense); *Seay v. State*, 479 So.2d 1338 (Ala.Cr.App.1985), *cert. denied*, 479 So.2d 1343 (Ala.1985) (second-degree kidnapping requires substantial removal, isolation, or concealment); *Apodaca v. People*, 712 P.2d 467 (Colo.1985) (first-degree kidnapping requires that the movement be more than that which is incidental to the underlying offense); *State v. Jackson*, 703 S.W.2d 30 (Mo.App.1985) (kidnapping should not be charged where the movement is merely incidental to another offense); *Brinson v. State*, 483 So.2d 13 (Fla. 1st DCA), *review denied*, 492 So.2d 1335 (Fla.1986) (when kidnapping is alleged to have been done to facilitate the commission of another crime, the movement or confinement must not be slight, inconsequential, and merely incidental to the other crime, must not be inherent in the nature of the other crime and must have some independent significance). *See also State v. Parker*, 81 N.C.App. 443, 344 S.E.2d 330 (1986); *State v. Lile*, 237 Kan. 210, 699 P.2d 456 (1985). The respective positions of appellant and the government in the case at bar illustrate these conflicting approaches to the law of kidnapping. *See also* "Seizure or Detention for Purpose

of Committing Rape, Robbery, or Similar Offense as Constituting Separate Crime of Kidnapping," 43 ALR 3rd 699 (1972); C. Tortia, 2 Wharton's Criminal Law, § 210 (14th ed., 1987 cumulative supplement).

■ Under military law, a servicemember may be charged for kidnapping under any one of three theories: first, as a violation of state law under the Assimilative Crimes Act, 18 U.S.C. § 13; second, as a violation of the so-called Lindbergh Act, ch. 271, 47 Stat. 326 (1932), as amended, 18 U.S.C. § 1201 (1982), subject to that statute's jurisdictional limitations; and, third, as conduct which is service-discrediting or contrary to good order and discipline in the armed forces under Article 134, UCMJ. *United States v. Scholten*, 17 M.J. 171, 175 (C.M.A.1984). Consequently, both the traditional view and the modern view may be applicable in courts-martial as determined by the theory under which an accused is charged.[2] If a kidnapping conviction is premised upon a violation of a state statute, then the interpretation of that statute as announced by that state's appellate courts will determine whether the traditional view or the modern view will govern the offense. *Cf. Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (opinions by state appellate courts are authoritative for purposes of defining a state statute). *See, e.g., United States v. Kline*, 21 M.J. 366 (C.M.A.1986).

In those cases where the kidnapping prosecution is premised upon the federal kidnapping statute, the law is not so clear. Federal courts have long noted that a literal application of the federal kidnapping statute, 12 U.S.C. § 1201, could have absurd results not intended by Congress. *Chatwin v. United States*, 326 U.S. at 464, 66 S.Ct. at 237. Nevertheless, the federal

---

statute of the District of Columbia, an act of the Congress of the United States, to a kidnapping which occurred in Danang, Viet Nam, on the rationale that, because the court looked to the District of Columbia code for the limitation on punishment, "necessarily" the elements of that code "should likewise govern." *United States v. Charlton*, 39 C.M.R. at 143. This rationale was later rejected in *United States v. Scholten*, 17 M.J. 171, 174 (C.M.A.1984). The past practice of

incorporating statutes of the District of Columbia into military law under Article 134 was stopped when the District of Columbia was granted home rule.

**2.** This charging practice has the capacity to create an anomaly in the substantive military law of kidnapping. This situation indicates, in our view, a need for legislation to correct this anomaly.

kidnapping statute is broadly construed. *United States v. Jones,* 808 F.2d 561 (7th Cir.1986). Federal courts have generally declined to limit the scope of conduct embraced by the federal kidnapping statute. *See, e.g., United States v. DeLaMotte,* 434 F.2d 289, 292 (2nd Cir.1970), *cert. denied,* 401 U.S. 921, 91 S.Ct. 910, 27 L.Ed.2d 825 (1971) ("a narrowing of the scope of the kidnapping statute is a legislative rather than a judicial function"). Like the United States Navy–Marine Court of Military Review, this court finds no federal precedent either embracing or rejecting the so-called modern view. *See United States v. Santistevan,* 22 M.J. 538, 542 (N.M.C.M.R. 1986).

█ Here, the appellant was charged with kidnapping as a "pure" violation of Article 134, UCMJ, the third theory noted in *Scholten.* Consequently, this court must determine whether the traditional view or the modern view is applicable to prosecutions under this theory. Judicial precedent under this theory is quite clear: The precedent established by *Charlton* requires this court to adhere to the traditional view. *United States v. Charlton,* 39 C.M.R. at 145. We note that, while the United States Court of Military Appeals has rejected the rationale underlying *Charlton,* it has never modified its ruling in *Charlton. United States v. Scholten,* 17 M.J. at 174.

█ By Executive Order 12473, the President ostensibly changed military law regarding the offense of kidnapping to require that the holding "be more than a momentary or *incidental* detention [emphasis supplied]." Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M.], paragraph 92c(2). As appealing as this change may be, such a substantive change to military criminal law is beyond the President's rule making authority. *Ellis v. Jacob,* 26 M.J. 90, 92 (C.M.A.1988) (citing Articles 36 and 56, UCMJ). This Manual change purportedly relies on *DeLaMotte.* M.C.M., Analysis of paragraph 92c(2), App. 21, A21–102 (citing *United States v. DeLaMotte, supra.*). *DeLaMotte,*

however, does not support the analysis of the Manual nor does it afford this court precedent to depart from *Charlton: DeLaMotte* neither embraces nor rejects the modern view. The defendant in *DeLamotte* did argue that that court should undertake a judicial limitation of the federal kidnapping statute after which the Article 134, UCMJ, offense is patterned. *See* paragraph 92, M.C.M. However, that court merely stated that application of the modern view would be doubtful under the facts in *DeLaMotte. United States v. DeLaMotte,* 434 F.2d at 292–293. Consequently, Paragraph 92c(2) of the Manual for Courts-martial does not provide authority for this court to deviate from the rule of law announced in *Charlton.*

Furthermore, the United States Court of Military Appeals has not expressly addressed the Manual's attempt to adopt this limitation on the scope of the offense of kidnapping under Article 134, UCMJ. Its opinion in *United States v. Santistevan* alludes to but does not embrace this limitation. *See United States v. Santistevan,* 25 M.J. 123, 126 (C.M.A.1987) ("when viewed in their entirety, appellant's actions support the finding of an attempt to kidnap which was neither 'incidental' to nor an integral part of any other criminal act"). However, in its opinion in *United States v. Scholten,* the court does state that "congressional interest is paramount in determining what acts constitute violations of the Code." *United States v. Scholten,* 17 M.J. at 174.

Finally, we note that it was Congress' intent in enacting the third clause of Article 134 (Crimes and Offenses Not Capital) that resort to the Federal Criminal Law was appropriate to fill voids in the UCMJ. *See, e.g., United States v. Wright,* 5 M.J. 106, 111 (C.M.A.1978).

Accordingly, this court is required to follow the precedent of the United States Court of Military Appeals (*United States v. Charlton, supra.*) until such time as that

court changes or modifies the precedents it has established or Congress acts to or amend existing law. *United States v. Jones,* 23 M.J. 301 (C.M.A.1987).

Accordingly, the findings and sentence are affirmed.

Judge KANE and Judge WERNER concur.