UNITED STATES, Appellee,

v.

Specialist Four Eric G. LEWIS, 527–69–5346, United States Army, Appellant.

ACMR 8800838.

U.S. Army Court of Military Review.

7 June 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before GILL, CARMICHAEL, and GIUNTINI, Appellate Military Judges.

**872**

## OPINION OF THE COURT

GILL, Acting Senior Judge: *

Tried by a military judge sitting as a general court-martial, and pursuant to his pleas of guilty, appellant was convicted of assault consummated by a battery and aggravated assault, each in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1982) [hereinafter UCMJ], and kidnapping, communication of a threat, indecent language, and indecent assault, each in violation of Article 134, UCMJ, 10 U.S.C. § 934.

Appellant was sentenced to a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved the sentence, but suspended confinement in excess of three years for one year.

Appellant asserts several errors dealing with multiplicity for findings and sentence which we address later in our opinion. Apart from his assertions of multiplicity, appellant sets forth one other assignment of error. He contends:

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ACCEPTING APPELLANT'S PLEA OF GUILTY TO CHARGE II, SPECIFICATION 1 [KIDNAPPING] WHEN THE FACTS ELICITED DURING THE PROVIDENCE INQUIRY FAILED TO ESTABLISH THAT A KIDNAPPING OCCURRED.

■ We agree. We find the facts elicited during the providence inquiry, both from the sworn testimony of appellant and the Stipulation of Fact (which incorporated by reference appellant's statement to Criminal Investigation Command agents), failed to establish that a kidnapping occurred. Accordingly, the military judge erred in accepting appellant's plea of guilty to that specification of Charge II.

From the early stages of his providence inquiry, the military judge was troubled by the tenuous factual predicate underlying the alleged kidnapping. After reviewing in some detail each element of the other charged offenses, the military judge inquired of appellant whether the elements accurately described what he did or whether his conduct fell within a particular definition. No such questions were put to appellant after a review of the elements of kidnapping.

After appellant gave a rather detailed account of what had happened and then responded to several questions by the military judge, the judge stated to the trial counsel, "I have some problems with the kidnapping," referring specifically to the "unlawful detention" required for the offense.

Referring to the Stipulation of Fact, the trial counsel advanced three alternative theories of unlawful detention. Apparently unimpressed with such theories, the military judge told the appellant that what he had related in his in-court narrative "[did] not amount to kidnapping under the law, and so, if that's all you did, I cannot accept your plea to kidnapping." Then, the military judge questioned appellant further and reviewed the Stipulation of Fact.

After a brief recess and perhaps noting no retraction by the military judge of his earlier comments concerning the lack of a factual basis for a plea of guilty to kidnapping, the defense counsel purported to address the issue of multiplicity. The defense counsel was seemingly careful to avoid direct comment on the sufficiency of the evidence on kidnapping, stating he would "leave that to the courts to decide." He did state he had advised his client that the military judge "might" find the facts sufficient and therefore his client could enter a plea of guilty to said charge "consistent with the pretrial agreement." The defense counsel seemed more intent on addressing multiplicity, which strikes us as begging the question of whether there was sufficient evidence of a kidnapping.

When pressed by the judge, defense counsel stated "my inclination is that perhaps it didn't occur, technically kidnapping did not occur." Counsel did not pursue the point because, in light of the pretrial agree-

* Judge David M. Gill took final action in this case prior to his release from active duty.

ment, he apparently believed it was not in his client's best interests to do so.

Appellant repeated his desire to plead guilty to kidnapping, stating that he recalled the judge's earlier explanation of the elements of the crime and believed what he had said he had done proved each element. His pleas of guilty, including the kidnapping plea, were accepted when the military judge found a valid waiver of rights and that appellant believed in his own mind that he was guilty of each offense. The military judge made no further inquiry concerning the factual basis for the kidnapping.

Under Article 134, UCMJ, we look to federal statutory law, that is, 18 U.S.C. App. § 1201(a), for our definition of kidnapping. See UCMJ art. 36, 10 U.S.C. § 836 (1982); Manual for Courts–Martial, United States, 1984, Article 134 analysis, app. 21, para. 92, at A21–102. See also United States v. Scholten, 17 M.J. 171, 174 (C.M. A.1984). Instances of "momentary" or "incidental" detention have proved troublesome in both civilian and military venues. A "traditional" view, one derived from a strict and literal reading of statutory language, is contrasted with an "emerging minority view" concerning brief detention or short movements which are incidental to or an integral part of other crimes.

As this court recently observed, the President ostensibly has by Executive Order 12473 adopted the "emerging minority view." Manual for Courts–Martial, United States, 1984, para. 92c(2) [hereinafter 1984 Manual]. In the present case, the military judge applied the language of the 1984 Manual change without addressing the issue of whether such a substantive change to military law is beyond the President's rule-making authority, as we found it to be in United States v. Jeffress, 26 M.J. 972, 975 (A.C.M.R.1988), petition granted, 28 M.J. 154 (C.M.A.1989).[1]

The Court of Military Appeals has not yet directly addressed this change to the 1984 Manual, nor has it expressly overruled United States v. Charlton, 39 C.M.R. 141 (C.M.A.1969), which places military substantive law squarely in the "traditional" camp. In United States v. Santistevan, 25 M.J. 123, 126 (C.M.A.1987), however, the Court does seem to allude with favor to the "emerging minority view" as embraced in the change to the 1984 Manual.

Jeffress is also a case where the providence of a plea of guilt to kidnapping was challenged on appeal, and where kidnapping was charged as a "pure" violation of Article 134, UCMJ. The facts there, which seem clearly distinguishable from the instant case, were found sufficient to support the plea.

The facts in the present case fall short of the traditional or strict interpretation of the kidnap statute which appears dictated by Charlton. Evidence of detention other than that necessarily resultant from appellant's assaultive and threatening conduct against the victim is de minimis.

We find the government's alternative theories of definition unpersuasive. Appellant's prevention of the use of the telephone in his hotel room, when he did not want the victim to "run up a bill" and when he made it clear to her that she could go and use another phone, does not amount to detention. Further, the fact that appellant told the victim at one point that she would have to leave without her coat and shoes also does not suffice. Finally, a brief, mutual exchange of slaps while the porter was waiting to check appellant out of the hotel likewise falls short of the mark. Appellant's plea of guilty to kidnapping is not provident.

■ By further assignments of error, appellant raises several issues of multiplicity for findings and/or sentencing, only one of which directly reaches the kidnapping

1. The issue on which the petition was granted was:

WHETHER APPELLANT'S PLEA OF GUILTY TO KIDNAPPING IS IMPROVIDENT IN LIGHT OF THE FACT THAT APPELLANT MOVED THE VICTIM AN INCONSEQUENTIAL DISTANCE AND DETAINED HER ONLY LONG ENOUGH TO COMPLETE ANOTHER CHARGED OFFENSE.

charge. The government concedes multiplicity for sentencing of all specifications except the assault consummated by a battery (Specification 1 of Charge I). With respect to the latter offense, by his own testimony, appellant slapped the victim just before leaving the room; this assaultive behavior occurred after the hotel porter had arrived and after any sexually-motivated conduct had ceased. Such offense is not, therefore, multiplicious for findings or sentencing.

■ With respect to the remaining offenses, we hold that none are multiplicious for findings. The specifications are not multiplicious on their face, and trial defense counsel declined to raise multiplicity even after an invitation from the military judge to do so. *See United States v. Jones*, 23 M.J. 301, 302–3 (C.M.A.1987), *citing, United States v. Holt*, 16 M.J. 393, 394 (C.M.A.1983); *see also United States v. Newman*, 25 M.J. 604 (A.C.M.R.1987). But we do find these offenses multiplicious for sentencing.[2]

As a result of these errors, primarily the improvident plea to kidnapping, a rehearing is required.

■ At trial, the military judge correctly advised appellant that the maximum permissible sentence included confinement for life. The judge also told appellant that without the kidnapping charge, the permissible confinement would be reduced to twelve years. This too was correct insofar as the remaining specifications were thought to be separate for sentencing purposes. Had the military judge stopped his inquiry at this point, the providence of appellant's pleas of guilty to the remaining offenses may well have been jeopardized. *See, e.g., United States v. Harden*, 1 M.J. 258, 259–60 (C.M.A.1976) (if an accused predicates his negotiated pleas of guilty upon sentence substantially exceeding the *legal* maximum, his pleas may be improvi-

dent). Here, the judge wisely opted to broaden his providence inquiry. By doing so, he established that appellant was satisfied with his negotiated pleas even if the maximum punishment turned out to be twelve years instead of life.

Despite our determination that the remaining offenses are not separate for sentencing purposes, thus, by our calculation, reducing the maximum punishment to five years and six months, we nonetheless hold the pleas provident. Under the circumstances of this case, we believe a three-year limit on confinement was an adequate inducement for appellant's pleas. Further, based on the evidence of record, there is no indication we are dealing with an innocent appellant who pleaded guilty only to avoid a "crushing sentence." *United States v. Hunt*, 10 M.J. 222, 224 (C.M.A.1981). Nor do we find the presence of other oppressive factors which prevented appellant from exercising his right to plead not guilty and put the government to its proof. The evidence against appellant was overwhelming and there is "no reasonable likelihood that … [he] would have rejected his plea bargain and demanded trial at the date and time his case was called." *United States v. Poole*, 26 M.J. 272, 274 (C.M.A.1988).

Kidnapping is by far the most serious charge in terms of the maximum possible sentence. The prejudice which flowed to appellant from his improvident plea is difficult to assess. *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986). The military judge himself found it impossible to break down his own sentence so "[the appellate courts] could decide which offense was the basis for the sentence." Fairness to appellant dictates a rehearing, with or without the kidnapping charge.

The finding of guilty of kidnapping, Specification 1 of Charge II, is set aside. The finding of guilty of Specification 2 of Charge II is affirmed, as are the remaining findings of guilty. The sentence is set

---

**2.** The offenses are aggravated assault (Specification 2 of Charge I), and communicating a threat, indecent language, and indecent assault

(Specifications 2, 3, and 4 respectively, of Charge II).

aside. The same or a different convening authority may order a rehearing on Specification 1 of Charge II; however, if the convening authority determines that a rehearing on that specification and charge is impracticable, he shall dismiss Specification 1 of Charge II and order a rehearing on the sentence only.

Judge CARMICHAEL and Judge GIUNTINI concur.